STATE of Arkansas *v.* Laura ROBERTS and Shirley Hudson

95-137                                                   900 S.W.2d 175

Supreme Court of Arkansas
Opinion delivered June 12, 1995

*Winston Bryant*, Att'y Gen., by: *Clint Miller*, Deputy Att'y Gen., for appellant.

*Gerald K. Crow*, for appellees.

DAVID NEWBERN, Justice. As the result of a police roadblock in Carroll County, Laura Roberts was cited for underage driving under the influence of alcohol, a violation punishable only by fine. Ark. Code Ann. § 5-65-303 (Repl. 1993). Shirley Hudson was cited for driving while intoxicated, which is a misdemeanor unless it is the fourth or subsequent offense, in which case it is a felony. Ark. Code Ann. §§ 5-1-107(a)(3) and 5-65-111 (Repl. 1993). There is no indication in the record that Ms. Hudson's citation was for a fourth or subsequent offense.

Ms. Roberts and Ms. Hudson were summoned to appear in the Eureka Springs Municipal Court. After Ms. Roberts was convicted and before Ms. Hudson was tried, they petitioned the Carroll Circuit Court for an injunction and writs of prohibition and mandamus. In their petition, Ms. Roberts and Ms. Hudson contended they had a right to trial by jury in the first instance, and that it was a violation of the United States Constitution and the Arkansas Constitution to require them to participate in a municipal court proceeding without a jury.

Ms. Roberts and Ms. Hudson acknowledged in their petition their right to appeal any decision of the municipal court in their cases to the Circuit Court and their right to a jury trial there. They also acknowledged that the United States Supreme Court, in *Ludwig* v. *Massachusetts*, 427 U.S. 618 (1976), had held such a "two-tier" system to be compatible with the Fourteenth Amendment. They argued, however, that Ark. Const. art. 2, § 7, stating that the right to a trial by jury shall "remain inviolate," and art. 2, § 10, which provides for the jury trial right in all criminal prosecutions, impose requirements in excess of those found in the Fourteenth Amendment and that they are violated by the requirement of participation in a municipal court proceeding without a jury before obtaining access to a jury in a circuit court.

The request for an injunction was withdrawn. Although the Circuit Court remarked at the hearing on the petition that prohibition would be appropriate in the case of Ms. Hudson because she had not been tried, the order ultimately entered did not prohibit her trial.

The State has appealed, contending that prohibition, in general, was inappropriate for a number of reasons. We need not discuss the argument made on prohibition, however, in view of the fact that the Circuit Court's order constituted a writ of prohibition only to the extent it prohibited municipal courts within its jurisdiction from requiring appeal bonds, and the State does not appeal from that portion of the order.

The State also argues that mandamus was improperly granted by the Circuit Court, and we agree. The State objects to the following portion of the order:

Therefore, the municipal courts of this jurisdiction shall

make known to each criminal defendant appearing before them that the right to a jury trial is guaranteed under our Constitution. The judge of each municipal court shall inquire of each criminal defendant if he or she wishes to have a jury trial. If the individual wishes a jury trial the municipal court shall transfer the case to Circuit Court for arraignment and further proceedings.

A party seeking a writ of mandamus must show a specific legal right and the absence of any other adequate remedy. *Hicks* v. *Gravett*, 312 Ark. 407, 849 S.W.2d 946 (1993). A mandamus writ enforces the performance of a legal right after it has been established but may not be used to establish a right. *Eason* v. *Erwin*, 300 Ark. 384, 781 S.W.2d 1 (1989); *Springdale Bd. of Educ.* v. *Bowman*, 294 Ark. 66, 740 S.W.2d 909 (1987). Mandamus is a remedy to be used when the law has established no specific remedy and justice and good government require it. *Lee* v. *McNeil*, 308 Ark. 114, 823 S.W.2d 837 (1992); *State* v. *Craighead County Bd. of Election Comm'rs*, 300 Ark. 405, 779 S.W.2d 169 (1989).

The mandamus writ in this case was used by the Circuit Court to establish a method of protecting the right to a trial by jury different from that chosen by the General Assembly. According to Ark. Const. art. 7, § 1, "The General Assembly may . . . vest such jurisdiction as may be deemed necessary in municipal corporation courts." The General Assembly granted jurisdiction of misdemeanors to municipal courts in Ark. Code Ann. § 16-17-704 (Repl. 1994). As to the issue of jury trials in municipal courts, Ark. Code Ann. § 16-17-703 (Repl. 1994) states:

> There shall be no jury trials in municipal court. In order that the right of trial by jury remains inviolate, all appeals from judgment in municipal court shall be de novo to circuit court.

There is thus no entitlement to a jury trial in a municipal court, but the right remains inviolate when an appeal is pursued to a circuit court where the case is tried *de novo*. *See Edwards* v. *City of Conway*, 300 Ark. 135, 777 S.W.2d 583 (1989). When a conviction is appealed from a municipal court to a circuit court, the case is tried *de novo*, and the appellant is entitled to a trial by jury. *See Weaver* v. *State*, 296 Ark. 152, 752 S.W.2d 750

(1988); *Johnston* v. *City of Pine Bluff*, 258 Ark. 346, 525 S.W.2d 76 (1975). The purpose of the trial *de novo* is to conduct a trial as though there had been no trial in the lower court. *Bussey* v. *State*, 315 Ark. 292, 867 S.W.2d 433 (1993).

■■ No matter how laudable his intention, it was simply unnecessary for the Circuit Court to institute a means contrary to the present statutory scheme to protect the right to jury trial. The underpinnings of the order were that the proceeding which must occur in a municipal court prior to that in a circuit court where a jury is available places an impermissible burden on the right to a jury trial and that a criminal defendant has the right to decide whether to be tried by a jury. We agree with the holding in *Ludwig* v. *Massachusetts, supra*, that the burden placed upon the right by requiring a proceeding in a municipal court is not impermissible. We have no quarrel with the conclusion that a criminal defendant has a right to be tried by a jury, but as we and the General Assembly have made clear, the inviolability of that right is sufficiently protected by the right to take the case to a circuit court. Persons summoned before a municipal court have an adequate remedy to protect their statutory and constitutional right to a trial by jury, thus mandamus does not lie.

Reversed and remanded.