Jerry Wayne WILLIAMS *v.* STATE of Arkansas

CA CR 02-18                                    85 S.W.3d 561

Court of Appeals of Arkansas
Division I
Opinion delivered September 25, 2002

*Daniel D. Becker,* for appellant.

*Mark Pryor,* Att'y Gen., by: *Lauren Elizabeth Heil,* Ass't Att'y Gen., for appellee.

OLLY NEAL, Judge. Appellant, Jerry Wayne Williams, appeals the Garland County Circuit Court's dismissal of his appeal for failure to appear at a readiness hearing. On appeal, he asserts that the circuit court erred in dismissing his appeal. We agree; therefore, we reverse and remand.

Appellant was convicted in the Hot Springs Municipal Court of driving while intoxicated and refusing a chemical test. Appellant filed an appeal in the Garland County Circuit Court and was subsequently arraigned there. A jury trial was set for August 27, 2001. A readiness hearing was later scheduled for August 14, 2001, and written notice was sent. Appellant failed to appear at the hearing; however, his attorney did appear. The circuit court entered an order dismissing the appeal due to appellant's absence from the hearing.

Appellant filed a motion to set aside the dismissal of his appeal, and a hearing on the motion was held on September 18, 2001. At the hearing, appellant testified that he had moved and that he had provided his new address to the circuit clerk. Appellant asserted that he did not willfully fail to appear and that he was prepared to go to trial. He testified that he did not learn of the readiness hearing until the afternoon of August 14, 2001, when the United States Postal Service delivered the written notice to his home. The court denied appellant's motion to set aside the order of dismissal.

Arkansas Code Annotated section 16-96-508 (1987) provides:

> *If the appellant shall fail to appear in the circuit court when the case is set for trial,* or if, in the event that the justice or other magistrate who tried the case shall fail to file the transcript and papers as provided in this subchapter, and the appellant shall fail to appear and move the court for an order to compel the justice or magistrate to so file within the first three (3) days of the first term of the circuit court beginning more than ten (10) days after the appeal was prayed, *then the circuit court may, unless good cause is shown to the contrary, affirm the judgment of the justice, police, or city court and enter judgment against the appellant for the same fine or penalty that was imposed in the inferior court, with costs.* This judgment shall have the same force and effect as other judgments of the circuit court in cases of convictions or indictments for misdemeanors.

(Emphasis added.) When a municipal court appeal is dismissed, the judgment of the municipal court remains valid and enforceable. *Ibsen v. Plegge,* 341 Ark. 225, 15 S.W.3d 686 (2000). Furthermore, when a misdemeanor charge is involved, counsel may appear on behalf of his client. *See Prine v. State,* 267 Ark. 304, 590 S.W.2d 25 (1979).

Section 16-96-508 authorizes dismissal if the appellant fails to appear for trial. The August 14 hearing was a readiness hearing and not appellant's trial; therefore, section 16-96-508 did not apply. We hold that the dismissal of appellant's appeal was not authorized by the statute; therefore, we reverse and remand.

Reversed and remanded.

BIRD and BAKER, JJ., agree.