Salvador AYALA *v.* STATE of Arkansas

CA CR 04-1332                                    214 S.W.3d 282

Court of Appeals of Arkansas
Opinion delivered September 28, 2005

[Rehearing denied November 2, 2005.*]

*Ken Swindle*, for appellant.

*Mike Beebe*, Arkansas Attorney General, by: *Misty Wilson Borkowski*, Assistant Attorney General, for appellee.

JOHN MAUZY PITTMAN, Chief Judge. Appellant in this criminal case was convicted in district court of harassment.

---

* GLADWIN, CRABTREE, and BAKER, JJ., would grant rehearing.

He appealed to circuit court and requested a jury trial. The circuit court dismissed the appeal on the grounds that appellant's attorney failed to appear at a pretrial hearing. Appellant's attorney filed a motion for reconsideration asserting that he never received notice of the pretrial hearing. The trial court took no action. On appeal, appellant argues that the trial court erred in dismissing his appeal because to do so denied him his right to a jury trial without the express and unambiguous waiver thereof required by *Duty v. State*, 45 Ark. App. 1, 871 S.W.2d 400 (1994). Appellant is correct.

In *Harrell v. City of Conway*, 296 Ark. 247, 753 S.W.2d 542 (1988), the supreme court held that a circuit court's dismissal on its own motion of an appeal from municipal court denied the appellant his statutory right to a jury trial in circuit court, and reversed on that basis. Furthermore, Arkansas Code Annotated § 16-96-508 (1987) provided in part that, if the appellant from the judgment rendered by an inferior court fails to appear in the circuit court when the case is set for trial, the circuit court may affirm the judgment of the inferior court and enter judgment against the appellant for the same fine or penalty that was imposed in the inferior court.[1] In *Williams v. State*, 79 Ark. App. 216, 85 S.W.3d 561 (2002), we held that this section authorized dismissal only if the appellant fails to appear for trial and did not apply where the appellant merely failed to appear at a pretrial readiness hearing. The dismissal in the present case was based on failure to appear at a pretrial hearing and, as in *Williams*, the dismissal of appellant's appeal was not authorized by the statute. The burden is on the trial court to assure that, if there is to be a waiver of the right to a jury trial in a criminal case, it be done in accordance with the provisions of the Arkansas Constitution by the defendant personally making an express declaration to that effect in writing or in open court. *Duty v. State, supra.* Because dismissal of the appeal from district court was not authorized by section 16-96-508, the effect of the trial court's action was to deny appellant his right to a jury trial without the express waiver thereof required by the Arkansas Constitution, and we reverse and remand on that basis.[2]

---

[1] Subsequent to the operative events in this case, minor amendments were made to this section by Act 1994 of 2005. *See* Ark. Code. Ann. § 16-96-508 (Supp. 2005).

[2] We are not reversing based on *Williams v. State*, 79 Ark. App. 216, 85 S.W.3d 561 (2002). We cite that case only in response to the State's argument that appellant's right to a

■ There are some procedural irregularities in this case. Appellant's notice of appeal was filed in time to appeal the dismissal of his circuit court appeal, but was not timely with respect to appellant's motion for reconsideration in that court. The significance of this is that appellant made no objection or argument below except in his motion for reconsideration. Although this failure to object would in most cases be fatal to appellant's appeal to this court, *see Wicks v. State,* 270 Ark. 781, 606 S.W.2d 366 (1980), the contemporaneous objection rule is inapplicable to the failure to afford one a trial by jury. *See Harrell v. City of Conway, supra* (error addressed although raised for the first time on appeal); *Duty v. State, supra.* The reason for this exception is that the right to a jury trial is so ancient and fundamental to our jurisprudence that its denial is an error of such gravity that every judge should, on his own motion, intervene to prevent. *Winkle v. State,* 310 Ark. 713, 841 S.W.2d 589 (1992); *see Wicks v. State, supra.*

Reversed and remanded.

HART, ROBBINS, GLOVER, NEAL, and ROAF, JJ., agree.

GLADWIN, CRABTREE, and BAKER, JJ., dissent.

TERRY CRABTREE, Judge, dissenting. I dissent because this case is being reversed based on an argument that appears for the first time in appellant's reply brief.

The appellant in this case did not receive a trial, jury or otherwise, because the circuit court involuntarily dismissed appellant's appeal from district court upon his failure to attend a pretrial hearing. Appellant filed a motion to reconsider asserting that his appeal was wrongly dismissed based on the allegation that he had not received notice of the hearing. In his opening brief, appellant argues that he did not waive his right to a jury trial by failing to appear at the hearing because he had no notice of the hearing.

---

jury trial was obviated by the circuit court's proper dismissal of his appeal for failure to appear pursuant to Ark. Code Ann. § 16-96-508. The appellant responded to the State's statutory argument in his reply brief, correctly noting that section 16-96-508 permits dismissal only for failure to appear at trial, not for failure to appear at a pretrial hearing. This, as we note in the body of our opinion, is a correct statement of the law pursuant to *Williams v. State,* 79 Ark.App. 216, 85 S.W.3d 561 (2002). In the context of the arguments as presented by the parties to this appeal, *Williams* is significant only because it negates the State's attempt to defend the denial of appellant's right to a jury trial on the basis of an incorrect reading of section 16-96-508.

Before it can be said that appellant was wrongfully deprived of a jury trial, we must first answer the fundamental question posed by appellant in his opening brief, which is whether the trial court erred in dismissing the appeal based on his claim of lack of notice. The majority concludes that the trial court did err, but for an entirely different reason. It holds that the trial court improperly dismissed the appeal based on our decision in *Williams v. State*, 79 Ark. App. 216, 85 S.W.3d 561 (2002), where we held that Ark. Code Ann. § 16-96-508 (1987) does not permit a trial court to dismiss for the failure to appear at a pretrial hearing. This argument was indeed advanced by appellant – in his reply brief. We should not be addressing this argument, much less reversing, as it has repeatedly been held that an argument cannot be raised for the first time in a reply brief. *Owens v. State*, 354 Ark. 644, 128 S.W.3d 445 (2003).

I dissent.

GLADWIN and BAKER, JJ., join.