Salvador AYALA *v.* STATE of Arkansas

CR 05-1138                                   226 S.W.3d 766

Supreme Court of Arkansas
Opinion delivered February 2, 2006

*Ken Swindle*, for appellant.

*Mike Beebe*, Att'y Gen., by: *Misty Wilson Borkowski*, Ass't Att'y Gen., for appellee.

Annabelle Clinton Imber, Justice. Appellant Salvador Ayala was convicted of harassment in Farmington City Court on June 9, 2004. On July 8, 2004, Appellant appealed his conviction by filing a certified copy of the record in the Washington County Circuit Court. On October 28, 2004, the Washington

County Circuit Court entered an order dismissing the appeal and reinstating the district court judgment due to Appellant's failure to appear on October 25, 2004, a date that was set on the docket as a pretrial conference. On November 16, 2004, Appellant filed a motion for reconsideration, alleging that he did not have notice of the "hearing." Moreover, Appellant contended that the circuit court should reconsider its dismissal of the case because, otherwise, he would be denied his right to a jury trial. On November 29, 2004, Appellant appealed the circuit court's dismissal of the appeal. The motion for reconsideration was never ruled on by the circuit court.

The Arkansas Court of Appeals, in a 6-3 decision, reversed the circuit court's dismissal order. *Ayala v. State,* 92 Ark. App. 356, 214 S.W.3d 282 (2005). In doing so, the majority reasoned that dismissal of the appeal denied Appellant the right to a jury trial. The State filed a petition for review, which we granted pursuant to Ark. Sup. Ct. R. 2-4 (2005). Upon a petition for review, we consider a case as though it had been originally filed in this court. *McElhanon v. State,* 329 Ark. 261, 948 S.W.2d 89 (1997); *Brunson v. State,* 327 Ark. 567, 940 S.W.2d 440 (1997).

The sole question presented in this appeal is whether the circuit court erred when it dismissed Appellant's appeal of the district court judgment. Yet, before we can address the underlying merits of this case, we must decide whether the issue is properly preserved for our review. The circuit court entered an order dismissing Appellant's appeal on October 28, 2004. On November 16, 2004, Appellant filed a motion for reconsideration, contending that he had no notice of the hearing and that the court's dismissal of his appeal denied him the right to a jury trial. On November 29, 2004, Appellant appealed the circuit court's dismissal of the appeal. The circuit court never ruled on the motion for reconsideration.

Rule 33.3(c) of the Arkansas' Rules of Criminal Procedure states:

> (c) Upon the filing of a posttrial motion or application for relief in the trial court, the time to file a notice of appeal shall not expire until thirty (30) days after the disposition of all motions or applications. If the trial court neither grants nor denies a posttrial motion or application for relief within thirty (30) days after the date the motion or application is filed, the motion or application shall be deemed denied as of the 30th day.

Ark. R. Crim. P. 33.3(c) (2005). Moreover, Rule 2(b)(2) of the Arkansas Rules of Criminal Appellate Procedure complements this rule by stating:

> (2) A notice of appeal filed before disposition of any post-trial motions shall be treated as filed on the day after the entry of an order disposing of the last motion outstanding or the day after the motion is deemed denied by operation of law. Such a notice is effective to appeal the underlying judgment or order. A party who also seeks to appeal from the grant or denial of the motion shall within thirty (30) days amend the previously filed notice, complying with subsection (a) of this rule. No additional fees will be required for filing an amended notice of appeal.

Ark. R. App. P. – Crim. 2(b)(2) (2005). In parsing out the language of Rule 2(b)(2) that is applicable to the instant case, it is clear that a notice of appeal filed *before* the disposition of any posttrial motions shall be treated as filed on the day after the motion is deemed denied. *Id.* Such a notice of appeal is effective to appeal only the underlying judgment. *Id.* In order to appeal the denial of the posttrial motion, a party must amend the previously filed notice of appeal within thirty days of the deemed denied date. *Id.*

Here, the circuit court never ruled on the motion for reconsideration. Thus, the motion was deemed denied on December 16, 2004, thirty days after it was filed on November 16. Ark. R. Crim. P. 33.3(c) (2005); Ark. R. App. P. – Crim. 2(b) (2005). Because the notice of appeal filed on November 29 was filed before the motion for reconsideration was deemed denied, it became effective on the day after the motion was deemed denied for the purpose of appealing the underlying judgment. Ark. R. App. P. – Crim. 2(b)(2). With regard to an appeal of the denial of the motion for reconsideration, Appellant failed to file an amended notice of appeal within thirty days of the deemed denied date, December 16. Accordingly, under our rules of criminal appellate procedure, any arguments raised in Appellant's motion for reconsideration would not be preserved for appellate review.

■ Despite such a procedural bar, we have concluded that when the right to a jury trial is an issue on appeal, a defendant's failure to argue the issue below will not preclude us from reviewing the issue on appeal. *See Calnan v. State*, 310 Ark. 744, 841 S.W.2d 593 (1992) (the right to a jury trial satisfies one of the narrowly-defined exceptions set forth in *Wicks v. State*, 270 Ark.

781, 606 S.W.2d 366 (1980)); *Winkle v. State*, 310 Ark. 713, 841 S.W.2d 589 (1992) (the violation of a right to a jury trial satisfies one of the "serious errors" set forth in *Wicks v. State, supra).* Accordingly, even though the issue of Appellant's right to a jury trial was not properly preserved for appellate review under our rules of criminal appellate procedure, this court is not precluded from reviewing the issue on appeal.

On appeal, Appellant argues that he had a right to a jury trial. The State does not dispute this point; rather, the State agrees that Appellant was, in fact, entitled to a jury trial. In *State v. Roberts*, 321 Ark. 31, 34, 900 S.W.2d 175, 176 (1995), we reiterated that, upon a conviction in district court, a defendant is entitled to jury trial upon an appeal to circuit court.

> There is thus no entitlement to a jury trial in a municipal court, but *the right remains inviolate when an appeal is pursued to a circuit court where the case is tried de novo.* See *Edwards v. City of Conway,* 300 Ark. 135, 777 S.W.2d 583 (1989). When a conviction is appealed from a municipal court to a circuit court, the case is tried *de novo,* and *the appellant is entitled to a trial by jury.* See *Weaver v. State,* 296 Ark. 152, 752 S.W.2d 750 (1988); *Johnston v. City of Pine Bluff,* 258 Ark. 346, 525 S.W.2d 76 (1975).

*State v. Roberts*, 321 Ark. at 34-35, 900 S.W.2d at 176 (emphasis added); *see also* Ark. Const. amend. 80, § 7(A). Thus, there is no question that Appellant was entitled to a jury trial.

Appellant also contends that he did not waive his right to a jury trial. In support of the argument, he noted that the "trial court does not have the power to reinstate a conviction from a district court and thereby deny [Appellant] a right to a trial by jury for not showing up at a hearing." We have reiterated numerous times that the Arkansas Constitution and Rules of Criminal Procedure assume a defendant will be tried by a jury unless the right is expressly waived. *Calnan v. State, supra.* Arkansas Constitution, Article 2, Section 7 provides in relevant part:

> The right to a trial by jury shall remain inviolate, and shall extend to all cases at law, without regard to the amount in controversy; *but a jury trial may be waived by the parties in all cases in the manner prescribed by law. . . .*

(Emphasis added). The manner prescribed by law for a defendant in a criminal case is set out in Rules 31.1, 31.2, and 31.3 of the Arkansas Rules of Criminal Procedure. Specifically, Rule 31.2 states:

> Should a defendant desire to waive his right to trial by jury, he may do so either (1) personally in writing or in open court, or (2) through counsel if the waiver is made in open court and in the presence of the defendant. A verbatim record of any proceedings at which a defendant waives his right to a trial by jury in person or through counsel shall be made and preserved.

Ark. R. Crim. P. 31.2 (2005). The law is clear that as a general rule a defendant may waive his right to a jury trial in only one of two ways: either by personally making an express declaration in writing or in open court or through counsel in open court if the waiver is made in the presence of the defendant. Furthermore, a record of the court proceedings in which the defendant waives his or her right to a trial by jury must be preserved. It is undisputed that no such waiver occurred in this case.

The State responded, arguing that the circuit court had the authority pursuant to Ark. Code Ann. § 16-96-508 (Supp. 2005) to dismiss Appellant's appeal and reinstate the district court judgment. Section 16-96-508 states:

> If the appellant shall fail to appear in the circuit court when the case is set for trial or the judge or magistrate who tried the case shall fail to file the transcript and papers as provided in this subchapter and the appellant shall fail to appear and move the court for an order to compel the judge or magistrate to so file within the first three (3) days of the first term of the circuit court beginning more than ten (10) days after the appeal was prayed, then the circuit court may, unless good cause is shown to the contrary, affirm the judgment and enter judgment against the appellant for the same fine or penalty that was imposed in the court of limited jurisdiction, with costs. This judgment shall have the same force and effect as other judgments of the circuit court in cases of convictions or indictments for misdemeanors.

Ark. Code Ann. § 16-96-508. This statute only gives the circuit court the authority to dismiss the case when a criminal defendant, in a *de novo* appeal from district court, fails to appear when the case is set for trial. *See Ibsen v. Plegge*, 341 Ark. 225, 15 S.W.3d 686 (2000). The

State hinges its entire argument solely on the premise that Appellant failed to appear for his *trial*. In determining whether the State is correct we have to determine whether the circuit court dismissed Appellant's appeal for failure to appear at trial *or* for failure to appear at a hearing. For this answer we need look no further than the circuit court's written notice dated August 6, 2004, and the court's order dismissing the appeal.

In the August 6 notice, the circuit court notified the parties to this case that Appellant's trial was set for October 28, 2004 *and* that "a pre-trial conference on these matters [was] scheduled for Monday, October 25, 2004." In the order dismissing the appeal, filed on October 28, the circuit court concluded:

> Now on this 25th day of October, 2004, comes the above-styled case and from all things considered the Court finds that neither the defendant, nor his attorney Ken Swindle appeared, although properly notified. Accordingly, the Court finds that this appeal is dismissed and the judgment of the lower court is reinstated.

It is clear from the face of the order that the circuit court dismissed the appeal because Appellant did not appear on October 25, a day that was scheduled for a "pre-trial conference." We must therefore conclude that the circuit court dismissed the case due to Appellant's failure to appear at a pretrial conference.[1] As a result, Ark. Code Ann. § 16-96-508 is not applicable and thus we cannot affirm the circuit court's dismissal of the appeal on that ground.

Our court of appeals recently considered a similar case in which the circuit court dismissed a defendant's *de novo* appeal from district court due to his failure to appear at a hearing. In *Williams v. State*, 79 Ark. App. 216, 85 S.W.3d 561 (2002), the appellant was convicted in district court for driving while intoxicated and refusing a chemical test. He timely appealed to the Garland

---

[1] In its brief, the State only argues that the circuit court had the authority to dismiss Appellant's appeal due to his failure to appear at his trial: "the trial court ...had the authority to dismiss the appeal based upon appellant's failure to appear for *trial*, although properly notified." (Emphasis added). The State's authorities, both cases and statutes, all stand for the proposition that a circuit court can dismiss the appeal and reinstate the district court's judgment upon a defendant's failure to appear at *trial*. Notably, the State fails to argue that the circuit court's actions were proper for a "pre-trial conference."

County Circuit Court. The jury trial was set for August 27, 2001. The appellant was also given written notice of a readiness hearing scheduled for August 14, 2001. The appellant failed to appear at the hearing, whereupon the circuit court entered an order dismissing the appeal due to appellant's absence at the hearing. The court of appeals reversed the circuit court's dismissal of the case, concluding that, under Ark. Code Ann. § 16-96-508, a circuit court may only dismiss a case if the appellant fails to appear for *trial*. *Williams v. State, supra* (emphasis added). The court of appeals held that because the appellant failed to appear at a hearing and not at his trial, section 16-96-508 did not apply, and the circuit court was without the authority to dismiss the appeal. *Williams v. State, supra.*

Here, Appellant did not waive his right to a jury trial. Moreover, the circuit court did not have the authority to reinstate the district court's judgment despite Appellant's failure to appear at a pretrial hearing. Accordingly, we must reverse the circuit court's dismissal of the *de novo* appeal and remand in order for Appellant to be afforded his right to a jury trial.

We also affirm the court of appeals in its reversal of the circuit court's dismissal order. In that regard, the concerns expressed by the dissent merit our consideration. The dissent cites our decision in *Owens v. State*, 354 Ark. 644, 128 S.W.3d 445 (2003), for the proposition that the court "should not be addressing this argument, much less reversing, as it has repeatedly been held that an argument cannot be raised for the first time in a reply brief." We stated in *Owens v. State, supra*,

> In his reply brief, Appellant states that the prejudice stems from the fact that the prosecutor effectively received two extra peremptory strikes as a result of the trial court's ruling. We do not address this argument, as this court has repeatedly held that an argument cannot be raised for the first time in a reply brief. *See, e.g., Maddox v. City of Fort Smith*, 346 Ark. 209, 56 S.W.3d 375 (2001); *State v. McCormack*, 343 Ark. 285, 34 S.W.3d 735 (2000).

*Owens v. State*, 354 Ark. at 660, 128 S.W.3d at 455.[2] In contrast, the purpose of a reply brief has always been to respond to the arguments

---

[2] In *Owens v. State, supra*, Appellant failed to argue that the trial court's ruling prejudiced him in any way — an argument that was "necessary" for reversal. *Id.*

raised by the appellee. *See* AM JUR: 5 Am. Jur.2d *Appellate Review* § 560 (2005); CJS: 4 C.J.S. *Appeal and Error* § 619 (2005).

A close review of the briefs in this case reveals that the grounds for reversal appear in the arguments made by Appellant in his opening brief. Two points of error are asserted: First, that Appellant had a right to a jury trial, and second, that he never waived that right to a jury trial. Specifically, Appellant states in his opening brief that he never waived his right to a jury trial and that the "trial court does not have the power to reinstate a conviction from a district court and thereby deny [Appellant] a right to a trial by jury for not showing up at a hearing." The State responded arguing that the circuit court had the authority pursuant to Ark. Code Ann. § 16-96-508 to dismiss Appellant's appeal for his failure to appear at *trial*. However, as noted earlier, the circuit court did not dismiss his appeal because he failed to appear at trial; rather, the appeal was dismissed because he failed to appear at a hearing. Consequently, Ark. Code Ann. § 16-96-508 does not apply and Appellant was entitled to respond in his reply brief to the inapposite authority cited by the State.

In sum, Appellant correctly argued in his opening brief that he was entitled to a jury trial and that right was violated by the trial court's dismissal of his *de novo* appeal from district court. It is on this point that we must reverse.

Reversed and Remanded.