# ARKANSAS COURT OF APPEALS

DIVISION II
No. CR-13-201

| | |
|---|---|
| | **Opinion Delivered** October 9, 2013 |
| DEREK ANTHONY WALTON<br>APPELLANT | APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT, FOURTH DIVISION [NO. 60-CR-12-1438] |
| V. | |
| | HONORABLE HERBERT THOMAS WRIGHT, JR., JUDGE |
| STATE OF ARKANSAS<br>APPELLEE | AFFIRMED |

## ROBERT J. GLADWIN, Chief Judge

After a bench trial in the Pulaski County Circuit Court, appellant Derek Anthony Walton was convicted on two counts of aggravated robbery and one count of theft of property. He was sentenced to a term of ten years' imprisonment for the aggravated-robbery and theft-of-property charges, plus an additional three-year term under the firearm-enhancement statute. On appeal, Walton argues that there was insufficient evidence to support his conviction on the aggravated-robbery charge and that the trial court erred in interpreting the firearm-enhancement statute to apply to him under the theory of accomplice liability. Because neither of his arguments is preserved, we affirm.

At the trial, Brandi Elders testified that she was working at Jones Food Mart on March 10, 2012, when it was robbed at gunpoint by two men, only one of whom had a gun. (The gunman was later identified as Derec Briggs.) She identified Walton as the robber without

a gun. She said that Walton collected the cigarettes and the money and put those items in the backpack he was wearing.

Charles Crabtree testified that he was at the store that night and had stayed because Brandi Elders had an uneasy feeling. He was standing outside when two people rushed him, and the gunman pushed him, pointed a gun at him, and said, "I don't want to have to kill an old mother f—r tonight." He never saw the gunman point the gun at Walton. Walton never threatened him, but simply took the items when the gunman told him to do so.

Daniel Sipes, a detective with the Jacksonville Police Department, testified that he executed a search warrant on Derec Briggs's home and recovered the gun that was used in the robbery, along with some cash. He also helped search Walton's home, where a pack of L&M cigarettes was found, along with black–and–red gym shorts and Nike shoes, which fit the description of what was worn in the video of the robbery. He identified a videotaped statement given by Walton, wherein Walton admitted his involvement in the robbery. Specifically, Walton admitted driving with Briggs to the store, parking behind a dumpster in an apartment parking lot nearby, and feeling compelled to do as Briggs told him. Walton also admitted to going to a motel with Briggs after the robbery.

Derec Briggs testified that he and Walton were friends and that they had been hanging out at his house, drinking and smoking, on the day of the robbery. He admitted to buying the gun "off the streets," and claimed that Walton knew he had a gun when they left his house together that day. He said that they both had bandanas and that the backpack belonged to Walton. He said that he and Walton rushed Crabtree outside the store, that he

2

never pointed the gun at Walton, and that they were high from drinking and taking Xanax. He admitted that he had the gun, went into the store, and pointed it at the lady behind the cash register. He also admitted that he told Walton to get the cigarettes and "whatever else." He said that they left the store, ran to Walton's car, and drove off. He claimed that they split the money, which was more than $500, and that Walton signed for the hotel room because he was eighteen years old. He admitted to entering a negotiated plea with the State and being sentenced to fifteen years' imprisonment.

Detective Jeremiah Terrell testified that the aggravated robbery was recorded by store cameras, and those videos were introduced as exhibits. After this testimony and evidence was introduced, Walton moved for a directed verdict on the aggravated-robbery charge, arguing that he was not armed with a firearm during the commission of the robbery. The State argued that, under accomplice liability, Walton was responsible for everything that happened in the course of the aggravated robbery. With no further argument from Walton, the trial court denied the motion.

After the defense witnesses testified, the trial court denied Walton's renewed motion for directed verdict, found him guilty on all counts, and sentenced him as set forth above. Walton filed a timely notice of appeal, and this appeal followed.

## I. *Sufficiency of the Evidence*

Walton first contends that the trial court erred in denying his motion for directed verdict because there was insufficient evidence to establish that he had committed aggravated robbery. Although termed a motion for directed verdict by counsel, because the trial was

a bench trial, the motion was actually a motion to dismiss. Ark. R. Civ. P. 50(a) (2012). A motion to dismiss at a bench trial is identical to a motion for directed verdict at a jury trial in that it is a challenge to the sufficiency of the evidence. *Green v. State*, 2012 Ark. App. 315, 416 S.W.3d 765. The test for determining sufficient proof is whether there is substantial evidence, direct or circumstantial, to support the verdict. *Harmon v. State*, 340 Ark. 18, 22, 8 S.W.3d 472, 474 (2000). On appeal, we review the evidence in the light most favorable to the State and sustain the conviction if there is any substantial evidence to support it. *Id.*

The State argues that Walton's sufficiency argument is barred. We agree. Aggravated robbery is robbery committed by a person who is armed with a deadly weapon. Ark. Code Ann. § 5-12-103 (Repl. 2006). Walton moved for a directed verdict on the ground that the State failed to establish his guilt of aggravated robbery because it did not show that he was armed with a firearm during the commission of the robbery. On appeal, Walton has changed his argument, focusing on the State's failure to prove that he had the requisite mental state under the accomplice-liability statute; i.e., that the State failed to prove that he purposefully promoted using the firearm or committing the offense. Ark. Code Ann. § 5-2-403(a) (Repl. 2006). Walton changed his argument from his contention at trial—that he was not guilty of aggravated robbery because he did not carry the gun—to his contention on appeal that the State failed to demonstrate that he agreed to, encouraged, aided, or purposefully promoted the use of the firearm in the robbery. Because Walton did not challenge the proof of his mental state at trial, that challenge is precluded on appeal. *Ray v. State*, 2009 Ark. 521, at 5, 357 S.W.3d 872, 877.

II. *Firearm-Enhancement Statute*

Walton also argues that the trial court erred in interpreting the firearm-enhancement statute, Arkansas Code Annotated section 16-90-120 (Supp. 2011), to apply to him under the theory of accomplice liability. That statute provides in part that

> [a]ny person convicted of any offense that is classified by the laws of this state as a felony who employed any firearm of any character as a means of committing or escaping from the felony, in the discretion of the sentencing court, may be subjected to an additional period of confinement in the state penitentiary for a period not to exceed fifteen (15) years.

Ark. Code Ann. § 16-90-120(a). He maintains that the plain language of the statute does not contemplate the application of the enhancement to accomplices. He contends that the statute is ambiguous at best and that the ambiguity must be resolved in his favor.

The State contends that this issue is not preserved for appellate review because nowhere below did Walton object to the imposition of the enhanced sentences. The State's contention is correct; neither at the end of the trial, when the judge pronounced Walton guilty on all counts, nor at the sentencing hearing did Walton make any objections to the firearm enhancement being applicable under accomplice liability. Thus, the issue is not preserved. *See Mahomes v. State*, 2013 Ark. App. 215, 427 S.W.3d 123.[1]

Affirmed.

GLOVER and WHITEAKER, JJ., agree.
*BCM Law Firm, PLLC*, by: *Chase Mangiapane*, for appellant.
*Dustin McDaniel*, Att'y Gen., by: *Vada Berger*, Ass't Att'y Gen., for appellee.

---

[1] We note that had this issue been preserved, this court has previously addressed the question in *Mhoon v. State*, 2010 Ark. App. 183, where we determined that the firearm-enhancement statute applied in accomplice-liability cases.