

# ARKANSAS COURT OF APPEALS

DIVISION II
No. CR-13-7

| | | |
|---|---|---|
| KEISHA GREGORY | APPELLANT | **Opinion Delivered** January 8, 2014 |
| V. | | APPEAL FROM THE BENTON COUNTY CIRCUIT COURT [NO. CR2012-566-1] |
| STATE OF ARKANSAS | APPELLEE | HONORABLE ROBIN F. GREEN, JUDGE |
| | | REVERSED AND REMANDED |

## BILL H. WALMSLEY, Judge

Appellant Keisha Gregory appeals from the Benton County Circuit Court's dismissal of her appeal from a contempt conviction in Rogers District Court. Gregory contends that 1) the circuit court erred in dismissing her appeal, 2) her due-process rights were violated because she did not receive notice of the pretrial hearing, 3) the sentence imposed by the district court was illegal, and 4) the circuit court erred in denying her motion to reinstate the appeal. We agree with Gregory's first and fourth points and therefore reverse and remand. We do not address her other arguments.

The district court found Gregory in contempt for not paying fines and costs stemming from an earlier public-intoxication conviction in district court, and she was ordered to pay additional fines and costs. Gregory timely appealed to the circuit court. The circuit court set a "Pre-trial Status Hearing." Because neither Gregory nor her attorney appeared for the hearing, the circuit court dismissed the appeal and remanded to the district court. Gregory

 

moved to reinstate the appeal, but the circuit court denied her motion.

There is no entitlement to a jury trial in a district court (f/k/a "municipal court"), but the right remains inviolate when an appeal is pursued to a circuit court. *Swint v. State*, 356 Ark. 361, 152 S.W.3d 226 (2004). When a conviction is appealed from a district court to a circuit court, the case is tried de novo, and the appellant is entitled to a trial by jury. *Weaver v. State*, 296 Ark. 152, 752 S.W.2d 750 (1988).

The State argues on appeal that Gregory is not entitled to a jury trial because certain conditions were not met. The State relies on *Etoch v. State*, 343 Ark. 361, 37 S.W.3d 186 (2001), where our supreme court held that the defendant was entitled to a jury trial because the trial judge indicated that he was contemplating a sentence of up to one year on each count of criminal contempt. The State argues that, assuming Gregory's contempt citations were criminal in nature, because Gregory faced only fines and costs, she was not entitled to a jury trial. *Etoch*, however, is readily distinguishable in that it did not involve an appeal from district court to circuit court. We reject the State's argument.

Arkansas Code Annotated section 16-96-508 (Repl. 2006) provides that, if the appellant shall fail to appear in the circuit court when the case is set for trial, then the circuit court may, unless good cause is shown to the contrary, affirm the judgment and enter judgment against the appellant for the same fine or penalty that was imposed in the court of limited jurisdiction, with costs.

When an appeal is pursued from district court to circuit court, the appellate courts recognize a distinction between a trial and pretrial hearings. *Ayala v. State*, 365 Ark. 192, 226

S.W.3d 766 (2006) (reversing and remanding circuit court's dismissal of appeal of harassment conviction in city court based on Ayala's failure to appear at a pretrial conference); *Williams v. State*, 79 Ark. App. 216, 85 S.W.3d 561 (2002) (reversing and remanding circuit court's dismissal of Williams's appeal from DWI and refusal-to-submit convictions in municipal court based on his failure to appear at a readiness hearing); *Lampkin v. State*, 2009 Ark. App. 382, 309 S.W.3d 223 (reversing and remanding circuit court's dismissal of Lampkin's appeal of DWI conviction in district court based on his and his attorney's failure to appear at a pretrial status hearing).

Gregory and her attorney failed to appear at a pretrial status hearing. Therefore, the circuit court had no authority to dismiss the appeal.

Reversed and remanded.

GLOVER and VAUGHT, JJ., agree.

*Parker Law Firm*, by: *Tim S. Parker*, for appellant.

*Dustin McDaniel*, Att'y Gen., by: *Vada Berger*, Ass't Att'y Gen., for appellee.