

Cite as 2014 Ark. App. 68

# ARKANSAS COURT OF APPEALS

DIVISION II
No. CR–13–602

|  |  |
|---|---|
|  | **OPINION DELIVERED** JANUARY 29, 2014 |
| TERRENCE DEWAYNE TATUM | APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT, |
| APPELLANT | SECOND DIVISION [NO. CR2012-1652] |
| V. |  |
|  | HONORABLE CHRISTOPHER CHARLES PIAZZA, JUDGE |
| STATE OF ARKANSAS |  |
| APPELLEE | AFFIRMED |

## ROBERT J. GLADWIN, Judge

Appellant Terrence DeWayne Tatum appeals his conviction by a Pulaski County Circuit Court on a charge of promoting prostitution in the first degree in violation of Arkansas Code Annotated section 5-70-104 (Repl. 2006). He was sentenced to three years' probation, required to pay a $100 fine, and required to register as a sex offender. Appellant challenges the sufficiency of the evidence supporting his conviction. We affirm.

By felony information filed May 29, 2012, appellant was charged with promoting prostitution in the first degree. A bench trial was conducted on January 31, 2013. After the State rested its case, appellant's counsel moved to dismiss, arguing that the State's proof of the charged offense was lacking, showing only that he dropped A.H. off at a hotel and sometime later that day knocked on a hotel room door looking for her. The trial court denied the

SLIP OPINION

motion. The defense rested without calling a witness and renewed the directed-verdict motion, which was again denied.

The trial court found appellant guilty, and a sentencing hearing was held on February 28, 2013. A sentencing order imposing probation, fine, costs, and fees was entered on March 26, 2013, amended on April 11, 2013, and a timely notice of appeal was filed April 17, 2013.

A motion to dismiss at a bench trial is identical to a motion for directed verdict at a jury trial in that it is a challenge to the sufficiency of the evidence. Ark. R. Crim. P. 33.1 (2013); *Walton v. State*, 2013 Ark. App. 561. The test for determining sufficient proof is whether there is substantial evidence, direct or circumstantial, to support the verdict. *Walton*, *supra*. On appeal, we review the evidence in the light most favorable to the State and affirm the conviction if there is substantial evidence to support it. *Id*. Substantial evidence is that which is of sufficient force and character that it will, with reasonable certainty, compel a conclusion without resorting to speculation or conjecture. *Woods v. State*, 2013 Ark. App. 739, ___ S.W.3d ___. Moreover, the finder-of-fact is responsible for determining the weight and credibility of evidence. *Id*.

For circumstantial evidence to be relied on, it must exclude every other reasonable hypothesis other than the guilt of the accused to amount to substantial evidence. *Brawner v. State*, 2013 Ark. App. 413, ___ S.W.3d ___. The question of whether circumstantial evidence excludes every other reasonable hypothesis consistent with innocence is for the finder of fact to decide. *Id*. On review, this court must determine whether the finder of fact resorted to speculation and conjecture in reaching the verdict. *Id*.

SLIP OPINION

Section 5-70-104 requires knowingly compelling a person by force or intimidation to engage in prostitution, profiting by such coercive conduct, or advancing prostitution or profiting from prostitution of a person less than eighteen years of age. Ark. Code Ann. § 5-70-104. A person acts knowingly with respect to his conduct or the attendant circumstances when he is aware that his conduct is of that nature or that the attendant circumstances exist. Ark. Code Ann. § 5-2-202(2)(A) (Repl. 2006). The felony information identified the subsection of 5-70-104 at issue by stating that appellant "did knowingly advance prostitution, or profit from prostitution, of a person less than eighteen years of age, to wit: A.H." Accordingly, the State's burden was to prove beyond a reasonable doubt that appellant advanced or profited from prostitution by A.H. on a specific date.

The State presented the only four witnesses that testified at trial. The State's first witness was Detective James Johnson, a police detective working in the vice department. He testified that he set up a meeting, using internet or phone-book advertisements for escort services that provide "body rubs", and he arranged to meet "Cinderella"—A.H.—for a one-hour massage for $110. Detective Johnson explained that when A.H. entered his hotel room, she collected her fee, and they both undressed. He testified that at some point, she stroked his penis, and then he inquired if they could have sexual intercourse. After A.H. said "whatever happens, happens," vice detail was given a signal to come to the room, where they took A.H. into custody. Through their interviews with her, officers ultimately determined that A.H. was seventeen years of age, and Detective Johnson testified that he heard appellant indicate that A.H. was seventeen years of age.

SLIP OPINION

The State's second witness, Detective Jennifer Hurd, was working the same vice detail and described arresting A.H. and taking a statement from her. Detective Hurd explained that, when appellant came to the hotel door asking for A.H., officers took him into custody. Detective Hurd also testified that, during an interview with A.H. following her arrest, A.H. informed Detective Hurd that appellant drove her from Memphis, Tennessee, to Houston, Texas, back to Texarkana, Arkansas, and from there to Little Rock, Arkansas. A.H. indicated that after they arrived in Little Rock, appellant had insufficient money to return to Memphis, so A.H. and another woman posted internet ads to raise money through prostitution. Detective Hurd testified that A.H. was inconsistent in explaining how she knew appellant, once calling him her boyfriend, and once saying that her mother had given him responsibility for her.

A.H. was the third witness in the State's case-in-chief. She testified that she went to the hotel to give a "body rub," but was arrested. She recalled that her juvenile-court charge was dismissed or passed to dismiss. A.H. testified that appellant dropped her off, at her request, around the corner from the Hilton Hotel, where she told him that she planned on "get[ting] it with some friends." A.H. testified that appellant was responsible for her and that she told him to come get her if she did not call him in an hour. She testified that a "body rub" involves both persons getting nude and massaging one another. She described rubbing Detective Johnson's body but denied touching his genital area. She did acknowledge saying "whatever happens, happens," when asked by Detective Johnson if they could have sexual intercourse.

The last witness for the State was another detective, Chris Ringgold. He recalled appellant coming to the hotel room door, and, when detectives realized that he might be with A.H., they moved him to a separate room and Mirandized him. Detective Ringgold explained that, in the course of their interrogation, appellant gave conflicting statements regarding how A.H. got to the hotel, at one point admitting that he dropped her at the back of the hotel, despite A.H.'s testimony that he dropped her off around the corner. Detective Ringgold also testified that, during an interview with A.H., she stated that she paid for both of their cell phones, food, hotel room, and rent for their apartment in Memphis.

Appellant argues that the circuit court's finding is based on speculation. He acknowledges that the testimony demonstrated that he dropped A.H. at or near the hotel. Additionally, it is undisputed that appellant subsequently was in the hotel, knocking on doors, looking for A.H. But he maintains that there was no proof that his behavior showed that he knowingly[1] advanced or profited from prostitution. He urges that even if the finder of fact disbelieved A.H.'s testimony that she did not give appellant any money, it was speculation to find that she did give him money that resulted from prostitution activities. Further, appellant claims that even if the finder of fact believed that A.H. went to the hotel room to engage in prostitution, it was speculation and conjecture to infer appellant's knowing her reason for going to that hotel on that night, and that he advanced her intent by giving her a ride. He

---

[1]Because appellant's mental state was the only element challenged in his motion to dismiss at trial, it is the only argument preserved for our review. *See Rounsaville v. State*, 372 Ark. 252, 273 S.W.3d 486 (2008).

SLIP OPINION



notes A.H.'s uncontroverted testimony that she told him numerous times that her reason for going to the hotel was to "get it with some friends."

We disagree. A criminal defendant's intent seldom can be proved by direct evidence and usually must be inferred from the circumstances surrounding the crime. *Spight v. State*, 101 Ark. App. 400, 401–02, 278 S.W.3d 599, 600–01 (2008). As such, the finder of fact may consider any other fact in determining whether a defendant held the specific intent required to commit the crime. *Thomason v. State*, 91 Ark. App. 128, 130–31, 208 S.W.3d 830, 832 (2005). Furthermore, the finder of fact may consider and give weight to any false, improbable, and contradictory statements made by the accused explaining suspicious circumstances. *Id.*

We hold that the State presented substantial evidence of circumstances through the testimony of the four witnesses from which the circuit court could infer that appellant knowingly advanced or profited from the prostitution of a person less than eighteen years of age. A.H. testified that appellant knew that she was underage. She admitted to Detective Hurd that appellant was "responsible for her" and that she posted the Internet advertisement for her services because appellant had insufficient funds to pay for their return trip to Memphis. Appellant drove A.H. to the hotel, waited for a certain amount of time to pass, and then sought her out at the hotel. Although A.H. testified that she keeps her money with her, she admitted that she pays for appellant's gas, food, rent, cell phone, and hotel rooms. We hold that this evidence constitutes substantial evidence to show that appellant both knew



A.H.'s age and knowingly advanced or profited from her prostitution activity.  Accordingly, we affirm.

Affirmed.

WOOD and BROWN, JJ., agree.

*William R. Simpson, Jr.*, Public Defender, *Lisa Thompson*, Deputy Public Defender, by: *Margaret Egan*, Deputy Public Defender, for appellant.

*Dustin McDaniel*, Att'y Gen., by: *Kathryn Henry*, Ass't Att'y Gen., for appellee.