
SLIP OPINION

# ARKANSAS COURT OF APPEALS

DIVISION III
No. CR–13–997

| | |
|---|---|
| | **Opinion Delivered** May 21, 2014 |
| BRIAN KEITH JORDAN | APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT, SEVENTH DIVISION |
| APPELLANT | |
| V. | [NOS. CR-2011-1584, CR-2012-3232] |
| | HONORABLE BARRY SIMS, JUDGE |
| STATE OF ARKANSAS | |
| APPELLEE | AFFIRMED |

## RHONDA K. WOOD, Judge

The circuit court convicted Brian Keith Jordan of two counts of second-degree battery and proceeded to revoke Jordan's previously ordered probation. Jordan challenges the sufficiency of the evidence regarding his conviction and the subsequent revocation. We hold that there was substantial evidence sufficient for the convictions and that the court's decision to revoke was not clearly against the preponderance of the evidence. We affirm.

Jordan visited a salvage yard to sell air-conditioning parts. When the general manager, Dwayne Dwyer, declined to purchase them, Jordan attacked Dwyer with what appeared to be a large pipe, repeatedly striking him in the head, and kicking him. Justin Axelson came to Dwyer's aid. Jordan shifted his attack and repeatedly punched Axelson in the head. Dwyer, once free from Jordan, proceeded to remove his gun and directed Jordan to leave the premises. The State charged Jordan with two counts of second-degree

battery, and the court convicted Jordan on both counts. The court subsequently held a probation revocation hearing and revoked Jordan's probation due, in part, to the battery convictions.

At trial, Jordan's counsel made a motion to dismiss, arguing that the State failed to introduce substantial evidence that either victim sustained serious physical injury. A motion to dismiss at a bench trial is identical to a motion for directed verdict at a jury trial in that it is a challenge to the sufficiency of the evidence. Ark. R. Crim. P. 33.1 (2013); *Walton v. State,* 2013 Ark. App. 561. The test for determining sufficient proof is whether there is substantial evidence to support the verdict. *Tatum v. State*, 2014 Ark. App. 68. We review the evidence in the light most favorable to the State and affirm if there is substantial evidence to support the conviction. *Id*. Substantial evidence is that which is of sufficient force and character that it will compel a conclusion without resorting to speculation or conjecture. *Woods v. State,* 2013 Ark. App. 739, __ S.W.3d __. Moreover, the finder-of-fact is responsible for determining the weight and credibility of evidence. *Id*.

Arkansas Code Annotated section 5-13-202(a)(1) (Supp. 2011) states that a person commits battery in the second degree if "[w]ith the purpose of causing physical injury to another person, the person causes serious physical injury to another person." A serious physical injury is one which "creates a substantial risk of death or that causes protracted disfigurement, protracted impairment of health, or loss or protracted impairment of the function of any bodily member or organ." Ark. Code Ann. § 5-1-

102(21) (Supp. 2011). The finder-of-fact may use its common knowledge to determine whether such injury occurred. *Bell v. State*, 99 Ark. App. 300, 259 S.W.3d 472 (2007).

At trial, Dwyer and Axelson testified that they sought treatment at the hospital following the attack. Dwyer was treated for a fractured arm as well as cuts and scratches on his face, knee, head, and back. An x-ray showed that his shoulder was shattered, and he spent five months in physical therapy without regaining full use of his arm. Axelson's ear was split in the attack, and he had it glued back together at the hospital. He also suffered a concussion with lingering head pain. The court also viewed video evidence of the brutal attack and photographic evidence of the injuries. Viewing the evidence in the light most favorable to the State, we find that there was substantial evidence for the circuit court to find that both victims sustained serious physical injuries.

At the time of the incident, Jordan was serving a year's probation as a result of a prior theft-of-property conviction. Following his attack on Axelson and Dwyer, the State filed a petition to revoke his probation alleging that he failed to comply with the conditions of his probation by committing two counts of battery. The circuit court revoked his probation. Jordan appeals his probation revocation, stating that the revocation was clearly against the preponderance of the evidence because the State did not prove that Dwyer and Axelson suffered serious injuries.

In order to revoke probation, the circuit court must find by a preponderance of the evidence that the defendant inexcusably violated a condition of that probation. *Holmes v. State*, 2012 Ark. App. 451. Our case law is clear that probation revocations require an even lower burden of proof than criminal convictions. *See Flurry v. State*, 2014 Ark. App.

SLIP OPINION

128. Therefore, as we are holding the evidence was substantial enough to support the battery convictions, we are certainly finding that it was sufficient to prove by a preponderance of the evidence that defendant violated his probation by committing new criminal offenses.

Affirmed.

PITTMAN and HIXSON, JJ., agree.

*Gina Reynolds*, Deputy Public Defender, by: *Clint Miller*, Deputy Public Defender, for appellant.

*Dustin McDaniel*, Att'y Gen., by: *Vada Berger*, Ass't Att'y Gen., for appellee.