Ward, J. On August 6, 1953 petitioner, Letaw, filed a complaint in the Chancery Court of Crittenden County against Doyne Dodd. On August 10, 1953 the clerk of the chancery court wrote one of the petitioners, Roberts, who was Letaw’s attorney and lived in Memphis, Tennessee, that he had not complied with a rule of the Chancery Court of Crittenden County [which will be set out and discussed later] to the effect that it would be necessary to associate with him in the case local Arkansas counsel. Associated with Roberts as one of Letaw’s attorneys in the case was petitioner Norfleet who was also a resident of Memphis, Tennessee. On August 11, 1953 Roberts and Norfleet, for themselves and as attorneys for Letaw, filed a motion in the Crittenden County Chancery Court stating: That Roberts is now and has been at all material times a resident citizen of Memphis, a practicing lawyer licensed to practice in the Supreme Court of Tennessee and all the courts of Tennessee; that Norfleet is and has been a practicing lawyer at Memphis, Tennessee licensed to practice in the Supreme Court and all other courts of that state, that he is and has been licensed to practice in the Supreme Court and all other courts in Arkansas, and that Norfleet had been a resident of Forrest City, Arkansas up until July 1952 when he became a resident of Memphis, Tennessee; and, that the rule which the chancery court seeks to enforce is void as being arbitrary, unreasonable and violative of comity between Arkansas and Tennessee with reference to the practice of law within the United States of America, etc. The prayer in the motion was that the court relax the said rule insofar as this particular case is concerned and for all other proper relief. The trial court, after hearing’ testimony on the motion, refused by order dated August 31,1953 to modify its rule and refused to allow Letaw and his attorneys to proceed further in the case. From this ruling of the trial court petitioners here seek relief by Writ of Certiorari. The rule adopted by the Chancery Court of Crittenden County and here questioned is as follows: “Non-resident attorneys at law, who have been admitted to practice by the Supreme Court of this State or by the court of last resort in the state of their residence, will be permitted by courtesy to appear in all causes in the Crittenden Chancery Court representing any party thereto, but the pleadings in all such causes filed by a non-resident attorney shall be signed also by a duly licensed resident attorney of this county upon whom service of notices may be had and who shall be responsible to the court for the conduct of the interest represented by the non-resident attorney in such cause. The Clerk of this court is charged with the enforcement of this rule.” “This order to be effective Oct. 16, 1933.” In rendering its decision the trial court stated ‘ ‘ that the making of said rule was a valid exercise of the court’s power, and that said rule is reasonable, proper and valid.” Before we consider the issue here raised it becomes necessary to set out certain material and undisputed facts and to call attention to an agreement reached by the attorneys for both parties during the oral argument in this court. It is undisputed that: Boherts is an attorney residing in Memphis, Tennessee; he is a member of the bar of Tennessee, admitted to practice in all the courts of that state, and has paid his fee of $1.00 to and been enrolled to practice by the Chancery Court of Crittenden County; and, Norfleet has exactly the same status as Boberts, except that he was formerly a resident of Arkansas, he was admitted to practice in all the courts of this state in 1919, and has ever since paid his annual dues to the bar of Arkansas. The Agreement on Oral Argument. The petitioners filed their motion in the trial court, filed this petition here, and briefed their case on the theory and assumption that the disputed rule meant one thing, and respondent briefed its cause on the theory, not too clearly defined however, that the rule had a different meaning. Petitioners’ interpretation of the rule, as applied to the facts of this case, is: Because Attorney Boberts [and Norfleet] is a resident of Tennessee he is not allowed to prosecute a suit for Letaw in Crittenden County unless he employs, as co-counsel, an attorney residing in Crittenden County. Bespondent contends the rule means: Boberts, an attorney of Tennessee, can proceed with his suit if he employs, as co-counsel, an attorney who lives anywhere in Arkansas. During oral argument respondent’s attorneys made it plain that their interpretation of the rule was as stated above and that they were insisting on no other interpretation, and petitioners agreed that the rule, so interpreted, was satisfactory to them. The above status of the case leaves two principal matters for further consideration. 1. Since the attorneys in this case have no authority to fix, by agreement, the rules of practice in the Crittenden County Chancery Court, or to say what is or is not a reasonable rule in such matters, it remains the duty and responsibility of this Court to decide the issue presented by this writ. In our opinion the questioned rule, taken in the plain ordinary meaning of the language heretofore copied, is susceptible only of the interpretation given it by petitioners, and, as such, does not conform to our statute, is unreasonable and cannot be sustained. Ark. Stats., § 25-108, reads as follows: “Non-resident attorneys at law of record shall be allowed to practice law in all the courts of this State of equal jurisdiction of the court or courts to which they have been admitted to practice and are members of the bar in good standing in the State of their residence.” It is generally conceded that courts have the inherent right to make local rules of practice and procedure subject to certain limitations. Two of these limitations are that such local rules must not contravene a valid statute or be unreasonable. In the case of Meyer, et al. v. Brinsley, et al., 129 Ohio St. 371, 195 N. E. 702, cited by both parties here, the Court, in discussing the power of trial courts to make rules, said: ‘ ‘ However, it is equally fundamental that such rules must not contravene either the organic law or a valid statute; and likewise they must be reasonable in their operation. ’ ’ The limitations we are speaking of are expressed in 21 C. J. S. § 170 (b), page 261, this way: “. . . subject to limitations based on reasonableness and conformity to constitutional and statutory provisions.” Not only does the Crittenden County Rule, requiring a local attorney in the circumstances mentioned, not conform to the reciprocity statute quoted above, but it appears to us to be unreasonable. A rule which requires an attorney residing in Memphis, Tennessee to employ co-counsel living in Crittenden County as a prerequisite to prosecuting a suit filed in that court is manifestly unnecessary. Those seeking to sustain the rule do so on the ground that it is necessary for the Court to have, in each case, an attorney upon whom notices may be served and who would be responsible to the court. This same justification is found in the rule itself. However, as now conceded by respondent, tbe Chancery Court of Crittenden County could exercise the same control over an attorney of Pulaski County [or any other county] that it could over an attorney of Crittenden County. So, if the restriction imposed on non-resident attorney is unnecessary, it is to that extent unreasonable. 2. It has been urged that the Petition here should be dismissed or denied because (a) there is no justiciable issue and (b) the issue is moot, but we do not agree. (a) If at the hearing before the Chancellor it had been made clear to petitioners that they could proceed by employing any attorney in Arkansas and that such was the interpretation of the rule, then petitioners might not have instituted this proceeding, but this was not done. It appears to us that petitioners had reasonable grounds to believe they were being required to employ an attorney in Crittenden County. The plain wording of the rule conveys this impression; the letter from the clerk of the Chancery Court of Crittenden County to Roberts stated that the rule required him to associate “local Arkansas counsel”; and the record fails to disclose that the respondent or the attorneys made clear to petitioners the interpretation of the rule which they now claim although ample opportunity was afforded them during the hearing. Though it might be argued that the words “local Arkansas counsel” along with other language in the letter should not be interpreted as restricting the location to Crittenden County, yet it must be remembered that the clerk has no authority to interpret the rule and in many instances it is possible that non-resident attorneys might ask for and receive a copy of the rule itself. (b) On December 14, 1953, at an adjourned day of court after the August order denying petitioners the right to proceed in the original case and after petitioners had taken an appeal [later changed to this writ] from that order, the trial court made another order, stating and finding: “Norfleet is now a resident of St. Francis County, Arkansas and has been since September 11, 1953, and that said Marvin Brooks Norfleet is now a regularly licensed attorney at law in the State of Arkansas and is not an attorney at law, non-resident of the State within the meaning of the rule of this Court dated August 31, 1933 . . and it is therefore ordered that Letaw’s attorneys, Norfleet and Roberts, may now proceed with the trial of this cause. In our opinion the December order does not render moot the issue presented to us by petitioners’ writ for several reasons. First, we think the December order should be treated as an addendum to the August order and it is 'not the order which is challenged by this writ. Second, the December order, by its own interpretation, does not affect, modify or repeal the rule here challenged. Third, when this court allowed petitioners to change their procedure from “appeal” to “certiorari” it was, we think, an implied commitment to hear this petition on its merits. Fourth, petitioner, Roberts, being a nonresident attorney, had an interest in this matter which the December order does not dispose of. Moreover, it appears that the interest of practitioners and litigants in general would be best served to have the status of this questioned rule definitely settled. We point out that no one connected with this litigation had anything to do with the adoption of the rule in question and certainly we do not mean to imply any criticism of those who have merely conformed to a procedure which had been followed by others for twenty years. Writ granted. Justice Millwee concurs.