Barbara C. JOHNSTON *v.* CITY of Pine Bluff

75-43                                        525 S.W. 2d 76

Opinion delivered June 23, 1975

*Thweatt & Allen*, for appellant.

*Tim Boe*, for appellee.

CONLEY BYRD, Justice. Appellant, Barbara C. Johnston, was fined $59.45 in the Municipal Court of the City of Pine Bluff for violating a municipal speeding ordinance containing a maximum possible fine of $500 and six months in jail. On appeal to the circuit court her motion for a jury trial was overruled and she was fined $10 and costs for a total of $25.40. Her only contention for reversal is that the trial court erred in denying her a jury trial. The City of Pine Bluff seeks to sustain the denial of a jury trial on the theory that it was only a petty offense and for petty offenses the Constitution does not guarantee the right to trial by jury.

Our statutes after providing the procedure for perfecting an appeal from the municipal court to the circuit court, see Ark. Stat. Ann. § 26-1307 (Repl. 1962), Ark. Stat. Ann. § 44-502 (Repl. 1964) and Ark. Stat. Ann. § 44-505 (Repl. 1964), provide for a trial de novo on appeal. See Ark. Stat. Ann. § 44-509 (Repl. 1964) and Ark. Stat. Ann. § 26-1308 (Repl. 1962). No distinction is made between petty offenses and other misdemeanors. Such statutes have ordinarily been construed as meaning that the case stands for trial in the circuit court on the same footing as though the case had originated in the circuit court. See *State ex rel Suchta* v. *District Court of Sheridan County*, 74 Wyo. 48, 283 P. 2d 1023 (1955). With respect to criminal trials in the circuit court, Ark. Stat. Ann. § 43-2105 (Repl. 1964), provides that: "Issues of fact shall be tried by a jury." Ark. Stat. Ann. § 44-115 (Repl. 1964), with respect to a violation of a city ordinance provides:

"All trials in the police court, for a violation of the bylaws or ordinances of such city, shall be before the police judge without the intervention of a jury, but the defendant, upon appeal, shall have the right to a jury trial in the circuit court, . . ."

It follows that the trial court erred in denying a jury trial.

Since the public policy of this State, as set forth in the foregoing statute disposes of the issues here, we need not reach the constitutional issues raised by the City of Pine Bluff

nor its assertion that the offense involved is a petty offense. The City's suggestion that appellant waived her right to a jury trial by not seeking an earlier ruling on her motion is without merit. See Ark. Stat. Ann. § 43-2108 (Repl. 1964).

Reversed and remanded.