Thomas L. WEAVER *v.* STATE of Arkansas

CR 88-18                                       752 S.W.2d 750

Supreme Court of Arkansas
Opinion delivered July 5, 1988

*Guy Jones, Jr., P.A.*, for appellant.

*Steve Clark*, Att'y Gen., by: *Joseph V. Svoboda*, Asst. Att'y

Gen., for appellee.

DAVID NEWBERN, Justice. The appellant, Thomas L. Weaver, was convicted in municipal court of indecent exposure. He appealed to the Van Buren Circuit Court which refused to hear the case because Weaver's counsel had not given the court proposed jury instructions as required by a local rule. We hold that the court erred in the application of its rule, and thus we reverse the decision.

When a conviction is appealed from a municipal court to a circuit court, the case is tried de novo, Ark. Code Ann. § 16-96-507 (1987), and the appellant is entitled to a trial by jury. *See Johnston* v. *City of Pine Bluff*, 258 Ark. 346, 525 S.W.2d 76 (1975). When this case was called by the circuit judge for trial, the parties stated they were ready to proceed. The judge announced that the case would be the second to be tried that day. Then the record is as follows:

> THE COURT: [counsel for the defendant] . . . Mr. Jones, however, there—you—you didn't, uh—you didn't give the Court any instructions in that.
>
> MR. JONES: We have—we have none to offer, Your Honor. The State's instructions—or the City's instructions cover them all. There were no additional instructions we could proffer.
>
> THE COURT: You don't have a defense?
>
> MR. JONES: It would be a factual matter, Your Honor, as to whether or not the matter did or did not occur.
>
> (Whereupon, the Court continued calling the docket, after which, the following further proceedings were had in this cause.)
>
> THE COURT: Back up to the Weaver case, the Weaver case is a misdemeanor case?
>
> MR. WILLIAMS [the prosecutor]: Yes sir, Your Honor.
>
> THE COURT: That case will be remanded, because Mr. Jones didn't submit any instructions to the Court. It will not be for trial.

(Whereupon, the court proceeded with other matters unrelated to this cause.)

At the time of these proceedings, the circuit court had in effect a local rule entitled, "Jury Instructions and Verdict Forms." The first two sections of the rule were as follows: "(1) Counsel for plaintiffs or the state shall prepare and submit all preliminary and cautionary instructions and all instructions applicable to plaintiff's case. (2) Counsel for defendant shall prepare all instructions applicable to defendant's case." In addition, Mr. Jones, Weaver's counsel, had received from the court a notice requiring that "jury instructions," presumably meaning instructions to be proposed, be furnished the court and opposing counsel at least two working days before the date set for trial.

Weaver argues that the actions of the court deprived him of his constitutional right to a jury trial as no jury is available to him in the municipal court. The state concedes there is a right to a jury trial in cases appealed from the municipal courts. However, the state argues Weaver did not make to the circuit court the argument presented here and that this court will not consider an argument made for the first time on appeal. Weaver responds that he had no opportunity to present argument to the trial court on the matter. He correctly notes that the trial court remanded the case to the municipal court on its own motion rather than upon a motion from the prosecution to which he might have responded.

Arkansas Code Ann. § 16-89-125(b) (1987) provides, in part, "When the evidence is concluded, the court shall, on motion of either party, instruct the jury on the law applicable to the case." Beyond that, we know of no statute or rule dealing with the submission of proposed instructions in criminal cases. No rule of criminal procedure has provisions comparable to Ark. R. Civ. P. 51 which permits the parties to submit requested instructions to the court in civil cases.

We formerly sanctioned the local rules created by trial courts by Ark. R. Civ. P. 83, which provided that such rules were not to be effective until filed with this court. We abolished the practice by revoking Ark. R. Civ. P. 83 by our per curiam order of December 21, 1987, which went into effect March 14, 1988. The hearing in this case was held October 13, 1987, and the local rule

in question was thus in effect.

In our per curiam order which included the abolition of Rule 83, we noted the inherent power of trial courts to invoke orders necessary to the orderly handling of trials. We find nothing exceptionable about a rule or administrative order requiring a party who wishes to suggest instructions to the court to do so prior to trial, although we can foresee a problem if such a rule were used to prevent a party from suggesting an instruction which could not have been perceived as necessary until after the trial had begun. The problem in this case is not the wording or requirement of the rule but the manner in which it was applied.

In *Letaw* v. *Smith*, 223 Ark. 638, 268 S.W.2d 3 (1954), a trial court had prevented the appearance of Tennessee lawyers on the basis of a local rule which required that they associate a lawyer of the county in which the court sat. We held that local rule contravened a statute permitting appearance by reciprocity of attorneys in good standing from other states. We recognized, that there were limitations on local rules. "Two of these limitations are that such local rules must not contravene a valid statute or be unreasonable." 223 Ark. at 642, 268 S.W.2d at 5.

As the local rule was applied in this case, it was unreasonable. Counsel for Weaver explained that he regarded the instructions submitted by the prosecution as sufficient, and that his defense was strictly factual. The court seemed to require that Weaver's counsel submit to him the same instructions as the prosecution had submitted.

In *Lyons* v. *Goodson*, 787 F.2d 411 (8th Cir. 1986), a United States district court had held a claim barred by a statute of limitations. The claimant had attempted to file on time but was informed that, in accordance with a local district court rule, two additional copies of his complaint were needed. After the statute of limitations had run, a magistrate ordered that the claimant be allowed to proceed in forma pauperis and that his complaint be filed. The district court dismissed, noting that the statute of limitations had run. In its per curiam reversal, the court of appeals wrote:

> The real question in this case, however, is whether a complaint can be deemed "filed" when it does not comply

with formal requirements in local rules. We concur with the position of the Ninth Circuit that a local rule should not be "elevate[d] to the status of a jurisdictional requirement" or "applied in a manner that defeats altogether a litigant's right to access to the court." *Loya* v. *Desert Sands Unified School District*, 721 F.2d 279, 280 (9th Cir. 1983).

Here, the application of the local rule caused Weaver to lose access to the circuit court. The local rule was applied in this case to require an act which was useless and futile on its face, and thus we cannot say it was reasonably applied. *See Russell* v. *State*, 288 Ark. 255, 704 S.W.2d 161 (1986).

Reversed and remanded for proceedings consistent with this opinion.