Larry HARRELL *v.* CITY OF CONWAY

CR 88-50                                        753 S.W.2d 542

Supreme Court of Arkansas
Opinion delivered July 18, 1988

*Mills & Patterson,* P.A., by: *William P. Mills,* for appellant.

*Steve Clark*, Att'y Gen., by: *R.B. Friedlander*, Solicitor General, for appellee.

JOHN I. PURTLE, Justice. The defendant was convicted in the municipal court of two counts of indecent exposure. On appeal to the circuit court, the circuit judge remanded the case to the municipal court, effectively dismissing the appeal. The case was remanded because of the failure of defendant's counsel to satisfactorily comply with the circuit court's local rule requiring jury instructions to be provided to the court several days in advance of the trial. On appeal to this court the defendant contends the court erred in dismissing his appeal without a trial. He is right; the decision is reversed and the case remanded to the circuit court.

We very recently rendered an opinion concerning the same local rule. See *Weaver v. State*, 296 Ark. 152, 752 S.W.2d 750 (1988). Therefore, we will not recite the rule again here.

The appellant gave timely notice of appeal from his conviction in municipal court. In accordance with the circuit court's local rule, the state filed its proposed jury instructions and the appellant filed some proposed instructions. However, the court, on its own motion, remanded the case to the municipal court because the defendant had failed to provide what the court considered adequate instructions. There was no notice or prior hearing concerning the order of remand. The circuit court entered a written order the following day. Nothing in the record indicates either attorney was present when the order was entered.

When a case is appealed to the circuit court it is to be tried de novo, i.e., as though there had been no trial in the lower court. Ark. Code Ann. § 16-96-507 (1987); *Weaver v. State,* supra; *Stephens v. State*, 295 Ark. 541, 750 S.W.2d 52 (1988); *Killion v. City of Waldron*, 260 Ark. 560, 542 S.W.2d 744 (1976); and *Johnston v. City of Pine Bluff*, 258 Ark. 346, 525 S.W.2d 76 (1975). The state concedes that the appellant has a right to a jury trial in the circuit court under the Arkansas Constitution, Art. 2, § 7, and Ark. Code Ann. §§ 16-89-107(b)(1) (1987) and 16-96-111(a) (1987). See *Johnston v. City of Pine Bluff*, supra. The state also concedes that a defendant has a right to a jury trial under the United States Constitution when he is charged with a "serious offense." *Baldwin v. New York*, 399 U.S. 66 (1970).

The state's chief contention is that the appellant did not

argue the matter before the trial court and, accordingly, we should not consider this argument for the first time on appeal. The state relies on *Allen* v. *State*, 294 Ark. 209, 742 S.W.2d 886 (1988); and *Wicks* v. *State*, 270 Ark. 781, 606 S.W.2d 366 (1980). Additionally, the state argues that we consider an argument for the first time on appeal only if the trial court was acting wholly without jurisdiction; further, that, while the trial court in this case may have been in error, the court did not act wholly without jurisdiction. It is true that *Allen* and *Wicks* stand for the proposition that an argument cannot be presented for the first time on appeal when it could have been presented at the trial level. However, there was no opportunity to present the issue of remand to the trial court because the trial court acted sua sponte, thereby preventing presentation of arguments by either side. Nevertheless, the trial court considered the issue when he remanded the case.

██ The trial court dismissed the defendant's appeal on its own motion. As stated in *Weaver*, local rules cannot contravene a statute or be unreasonable. As the local rule was applied in this case, it was unreasonable and deprived the defendant of his right to a trial by jury.

Although a party may petition the trial court to reconsider a decision, appeal is the usual procedure. The defendant did not have an opportunity to present argument to the trial court on the matter of his right to trial de novo in the circuit court because the trial court remanded the case to the municipal court sua sponte, without notice or opportunity for a hearing. See *Weaver*, supra.

Under the circumstances the action taken by the trial judge was unreasonable and in effect denied the defendant his statutory right to a jury trial in the circuit court on appeal from his criminal conviction in a municipal court.

Reversed and remanded.

DUDLEY, HAYS, and GLAZE, JJ., dissent.

TOM GLAZE, Justice, dissenting. Members of the Bar who do appellate work should take special notice of this decision. The court, in reversing the trial court's ruling, resorted to the "plain error" rule of appellate review, and in doing so, ignored clear Arkansas precedent that requires an objection be made at the

trial court to preserve a point for appeal, *Abernathy* v. *State*, 278 Ark. 250, 644 S.W.2d 590 (1983), and that holds this court will not consider issues raised for the first time on appeal. *See, e.g., Wicks* v. *State*, 270 Ark. 781, 606 S.W.2d 366 (1980).

My disagreement with the court's decision herein is that the majority resorted to "plain error," without acknowledging it, and it did so in order to reach the merits to reverse this case. While the majority opinion states "there was no opportunity to present the issue of remand to the trial court because the trial court acted *sua sponte*, thereby preventing presentation of arguments by either side," such a conclusion is unsupported by the record and cannot be further from the truth. So there is no mistake as to what was done at trial, I attach to my dissent the trial court's order, which represents the only page in the transcript that reflects what happened on the day this case was called for trial and why the case was remanded.[1] The remaining part of the brief transcript lodged in this appeal contains no testimony, motions or arguments which would either amplify what occurred on the day of trial or in any way conflict with the findings set out in the trial court's order. The majority totally ignores what the record reflects and even worse, claims something the record clearly does not state — that the appellant had no opportunity to object or argue the point now on appeal.

As can be seen from the court's order, both appellant and his attorney appeared for trial, as did the city's attorney. Appellant's attorney advised the trial judge that he was unaware that the court's local rules required him to furnish the court with a complete set of instructions two days before trial. In response, the trial judge announced he was remanding the matter to municipal court because counsel had failed to submit proper instructions. The judge's order further reflects that "*no objection* to this remand *is made* by the appellant's attorney." Clearly, the appellant's attorney was before the judge and had the opportunity to object and present his argument but failed to do so. To conclude otherwise, as does the majority, is unfathomable.

First, I should say that if the court could, under Arkansas

---

[1] The order remanded the case to the Conway Municipal Court, but the effect of such action was to dismiss the case from the circuit court's docket.

precedent and statutory law, reach the merits of this case, I would have no problem in concluding that the trial judge erred. However, to reach the merits, this court must find that, at the time the trial court made its ruling or order, the appellant made (or sought to make) known the action the appellant desired the court to take or made an objection, giving his grounds, to the court's action. *See* Ark. Code Ann. § 16-91-113(a)(3) (1987). From the record, appellant never raised or preserved the point he argues in this appeal. Nor does the record show that appellant had been in any way precluded from the opportunity to object or to present his argument to the trial court. *See Goodwin* v. *State*, 263 Ark. 856, 568 S.W.2d 3 (1978).

The majority cites *Weaver v. State*, 296 Ark. 152, 752 S.W.2d 750 (1988), which is a similar case involving the same trial court and same local rule. As is the situation here, the attorney in *Weaver* failed to submit instructions in compliance with the local rule, and the judge remanded Weaver's case. Two significant differences exist between *Weaver* and the present case. First, in *Weaver*, the appellant produced a transcript and abstract of the hearing which showed that Weaver's attorney informed the trial judge that he did not submit instructions because the only matter in dispute was a factual one and that the city's instructions were sufficient to cover the law. Second, after the attorney had advised the court regarding his position as to why he had not submitted instructions, the judge commenced calling the other cases on the court's docket. The judge later returned to the Weaver case merely to announce that it would be remanded to municipal court because the attorney had not submitted instructions to the court. Nothing in the record reflected that the attorney was even in the court room when the judge made his announcement, but the record did show the judge immediately proceeded with other matters before the court.

As can be readily seen, the attorney in *Weaver* had made known to the trial court the action he desired the court to take and gave his reason why. Also, Weaver's attorney was given no opportunity to reaffirm his position in the way of a formal objection since the judge, immediately after announcing his ruling to remand Weaver's case, promptly moved to other matters then before the court.

The majority cannot gloss over its treatment of this case by

claiming the appellant did not have an opportunity to object — the record reflects otherwise, and in fact, it shows he had no objection. Nor can the court's decision be defended by saying that any objection to the judge would have been futile. Obviously, the suggestion that an objection would have been futile could be argued in any case where a judge makes a ruling and an attorney fails to say anything. Besides, this court has never recognized an "it would be futile" exception to the longstanding rule that arguments or objections must be raised below before they can be considered on appeal.

In conclusion, I will be the first to say that justice and the equities of this case were probably better served by this court reaching the case on its merits. But there are other cases where I could have just as easily said the same thing; nonetheless, this court chose not to reach the merits in those cases because an attorney failed to object or present an argument. As long as this court openly adheres to the principle that it will not consider matters on appeal that are not argued or raised below, the court should be consistent in applying that principle in every case regardless of the circumstances, the outcome or the court involved.

I would affirm.

HAYS, J., joins in this dissent.

IN THE ~~MUNICIPAL~~ COURT OF CONWAY, FAULKNER COUNTY, ARKANSAS