Doyce STEVENSON v. STATE of Arkansas

CA CR 88-33                                   759 S.W.2d 220

Court of Appeals of Arkansas
Division II
Opinion delivered October 12, 1988

*Guy Jones, Jr., P.A.*, for appellant.

*Steve Clark*, Att'y Gen., by: *J. Brent Standridge*, Asst. Att'y Gen., for appellee.

JAMES R. COOPER, Judge. The appellant in this criminal case was convicted in the Municipal Court of Clinton, Van Buren County, Arkansas, of the offense of driving while intoxicated. He appealed this conviction to the Circuit Court of Van Buren County for trial *de novo*. The circuit court's local rules required the appellant to file his proposed jury instructions on December 3, 1987. The appellant failed to do so on that date, but did file proposed instructions the next day, December 4, 1987. Trial was set for December 7, 1987.[1] Both parties appeared on that date and announced that they were ready for trial. The trial court, *sua sponte*, found that the appellant's jury instructions were not timely filed under the local court rule; ordered the appeal dismissed; and remanded the case to municipal court. From that decision, comes this appeal.

For reversal, the appellant contends that the trial court erred in dismissing his appeal to circuit court because the dismissal denied him the right to a jury trial. We agree, and we reverse.

The State contends that the issue is not properly before us because the appellant did not object to the dismissal. The proceedings in the circuit court have not been transcribed. The circuit judge's order recites that both parties were present and ready for trial, but does not indicate whether the appellant's counsel objected or whether he had an opportunity to do so. Similar facts appear in *Harrell* v. *City of Conway*, 296 Ark. 247, 753 S.W.2d 542 (1988), and *Weaver* v. *State*, 296 Ark. 152, 752 S.W.2d 750 (1988). In both cases, the same circuit judge dismissed an appeal from a municipal court conviction on his own motion because the appellants did not comply with the same local rule governing jury instructions. The Supreme Court nevertheless held that the dismissal issue could be presented for the first time on appeal because the trial court's *sua sponte* dismissal prevented either side from presenting arguments. 296 Ark. at 249-50. We think those cases stand for the proposition that, even in the absence of an objection, an argument that a trial court's *sua*

---

[1] Stevenson's trial was held December 7, 1987. The local rule at issue in that case was effective at that time, although local rules were abolished by the Supreme Court's revocation of Ark. R. Civ. P. Rule 83 by *per curiam* dated December 21, 1987, which went into effect on March 14, 1988. *Weaver* v. *State*, 296 Ark. 152, 154 (1988).

*sponte* dismissal was erroneous will be addressed on appeal unless the record affirmatively shows that the appellant had an opportunity to present the argument to the trial court. Therefore, we will consider the issue on its merits.

Again, the facts of *Harrell* and *Weaver* are helpful. In *Weaver* the appellant failed to submit any proposed jury instructions. When he appeared ready for trial, he informed the trial court that he considered the instructions proposed by the State to be adequate. The trial court dismissed Weaver's appeal from his municipal court conviction on the ground that Weaver was in violation of the local rule requiring the defendant to prepare all instructions applicable to the defendant's case. 296 Ark. at 153-54. On appeal, Weaver argued that the trial court deprived him of his constitutional right to a jury trial, as no jury is available in municipal court. The Supreme Court held that the local rule had been unreasonably applied and reversed. 296 Ark. at 155-56. The *Weaver* Court recognized that there were limitations on local rules: "[t]wo of these limitations are that such local rules must not contravene a valid statute or be unreasonable." 296 Ark. at 155, quoting *Letaw* v. *Smith*, 223 Ark. 638, 268 S.W.2d 3 (1954). The Court noted that the application of the local rule caused Weaver to lose access to the circuit court, and cited authority for the proposition that a local rule should neither be elevated to the status of a jurisdictional requirement, nor be applied in a manner which defeats altogether a litigant's right of access to the court. 296 Ark. at 156, *citing Lyons* v. *Goodson*, 787 F.2d 411 (8th Cir. 1986).

In *Harrell*, the appellant failed to file a complete set of proposed jury instructions, although those instructions which were submitted were timely filed, and proposed instructions were filed by the State. The trial court dismissed Harrell's appeal on its own motion for failure to file adequate jury instructions under the local rule. The Supreme Court reversed, noting that Ark. Code Ann. § 16-89-107(b)(1) (1987) and § 16-96-111(a) (1987) provided the appellant with the right to a jury trial, and holding that the dismissal was an unreasonable application of the local rule because it denied Harrell his statutory right to a jury trial. 296 Ark. at 249-50.

We think that these cases stand for the proposition

that a local rule may not be applied in a manner which contravenes a valid statute or is otherwise unreasonable. *Weaver v. State, supra; Harrell v. City of Conway, supra.* Although the instant case presents a somewhat different fact situation in that here the appellant did submit instructions differing from those proposed by the State, rather than failing to submit any instructions or submitting inadequate instructions as in the cases cited above, we find no meaningful distinction between the facts of this case and those presented in *Weaver* and *Harrell, supra.* The essential question under the rules enunciated in those cases is whether the local rule was applied in such a manner as to contravene a statute or completely defeat a litigant's right of access to the court. In the case at bar the appellant was denied his statutory right to a jury trial, *see Harrell, supra,* and was completely denied access to the court. The local rule was thus improperly applied, and we reverse and remand for a trial on the merits.

Reversed and remanded.

MAYFIELD and COULSON, JJ., agree.