STATE of Arkansas *v.* Carey L. OWENS

07-58                                                    260 S.W.3d 288

Supreme Court of Arkansas
Opinion delivered June 28, 2007

*Dustin McDaniel*, Att'y Gen., by: *David R. Raupp*, Sr. Ass't Att'y Gen., for appellant.

*William R. Simpson, Jr.*, Public Defender, by: *Russell J. Byrne*, for appellant.

PAUL DANIELSON, Justice. The State of Arkansas brings this appeal from the order of the Pulaski County Circuit Court, which granted appellee Carey L. Owens's motion to dismiss for lack of jurisdiction. The State's sole point on appeal is that the circuit court erroneously interpreted Arkansas Code Annotated § 5-2-316 (Repl. 2006) as depriving the court of jurisdiction. We reverse and remand the circuit court's order of dismissal.

Owens was acquitted by reason of mental disease or defect for the June 6, 1991 murder of his father and was committed to the Arkansas State Hospital on August 14, 1992. A conditional-release order was initially entered on behalf of Owens on August 6, 1993. Since that time, Owens has been the subject of several conditional-release orders and their revocation or modification. A review of the record reveals the following:

| | |
|---|---|
| 02/23/1994 | Modified Order of Conditional Release |
| 06/17/1994 | Modified Order of Conditional Release |
| 08/01/1994 | Modified Order of Conditional Release |
| 10/24/1994 | Conditional Release |
| 03/02/1995 | Modified Order of Conditional Release |
| 01/17/1996 | Order Revoking Conditional Release |
| 04/30/1994 | Order of Conditional Release |

06/09/2000   Order Revoking Conditional Release

12/06/2000   Order of Conditional Release

01/28/2004   Order of Modified Conditional Release

01/31/2005   Order Revoking Conditional Release

03/21/2006   Case Reopened for Act 911 Report

In March 2006, the Arkansas State Hospital petitioned the Pulaski County Circuit Court for the conditional release of Owens. On March 31, 2006, the circuit court denied the petition and found that Owens "still pose[d] a substantial risk of bodily injury to another person or serious damage to property of another due to a present mental disease of defect." It is recorded on the circuit court docket sheet that an order of commitment was issued on March 31, 2006.

The Arkansas State Hospital again petitioned the circuit court for the conditional release of Owens in September of 2006. The circuit court granted the petition and entered an order of conditional release on behalf of Owens on September 22, 2006, releasing him into the custody of Mid South Health Systems/Jonesboro Transitional Unit. However, Owens alternatively moved the court for an outright dismissal in a letter to the court filed on September 29, 2006, which memorialized his oral motion. Owens argued that, pursuant to Ark. Code Ann. § 5-2-316, the court lost jurisdiction over this case in 1998, five years after the initial order of conditional release entered on August of 1993. The court entered an order of dismissal on behalf of Owens on October 25, 2006, stating that the court did not have jurisdiction because five years had elapsed since the initial order of conditional release. It is from that order of dismissal that the State now appeals.

Arkansas Code Annotated § 5-2-316 (Repl. 2006), in effect at the time of the court's order, provided in pertinent part:

(a)(1)  any person conditionally released pursuant to § 5-2-314 or § 5-2-315 may apply to the court ordering the conditional release for discharge from or modification of the order granting conditional release on the ground that he or she may be discharged or the order modified without danger to himself or herself or to the person or property of another.

. . . .

(b) Within five (5) years after the order pursuant to § 5-2-314 or § 5-2-315 granting conditional release, and after notice to the conditionally released person and a hearing, if the court determines that the conditionally released person has violated a condition of release or that for the safety of the conditionally released person or for the safety of the person or property of another his or her conditional release should be revoked, the court may:

(1) Modify a condition of release; or

(2) Order the conditionally released person to be committed to the custody of the Director of the Arkansas State Hospital or another appropriate facility subject to discharge or release only in accordance with the procedure prescribed in § 5-2-315.

We review issues of statutory interpretation *de novo* because it is for this court to determine the meaning of a statute. *See McMickle v. Griffin*, 369 Ark. 318, 254 S.W.3d 729 (2007). The basic rule of statutory construction is to give effect to the intent of the legislature. *See id.* Where the language of a statute is plain and unambiguous, we determine legislative intent from the ordinary meaning of the language used. *See id.* In considering the meaning of a statute, we construe it just as it reads, giving the words their ordinary and usually accepted meaning in common language *See id.* We construe the statute so that no word is left void, superfluous or insignificant, and we give meaning and effect to every word in the statute, if possible. *See id.*

In the instant case, the circuit court found that section 5-2-316(b) instructs that a court loses jurisdiction over a case five years after an initial order of conditional release. Owens suggests that the commentary to the statute is quite significant in supporting his claim that the plain and ordinary meaning of the statute is that jurisdiction always tolls after five years from the initial conditional-release order. The commentary prior to 2001[1] read in pertinent part:

Section (b) is a limitation on the state's right to hospitalize a person subsequent to a "conditional release." Such hospitalization must

---

[1] We note that during the 2007 legislative session, amendments were made to section 5-2-316 to specifically refute any confusion caused by the original commentary.

take place within five years of the initial conditional release order. The Commission believed it unwise and unfair to subject an individual to the special commitment procedures established by 5-2-314, -315 for an indefinite period of time. Dangerous persons can always be hospitalized under the civil commitment statutes.

While the commentary to a statute is a highly persuasive aid to construing the statute, it is not controlling over the statute's clear language. *See Huffman v. Arkansas Judicial Discipline & Disability Comm'n*, 344 Ark. 274, 42 S.W.3d 386 (2001). Here, we hold that the plain language of the statute is clear and, even prior to amendments that were made during the 2007 legislative session, cannot be interpreted to suggest that the court automatically loses jurisdiction over a case five years after an initial conditional-release order.

In addition, while the commentary may suggest that there is a limitation on the State's right to hospitalize and that hospitalization must occur within five years of the initial conditional-release order, it does not suggest that jurisdiction is lost after five years. The plain language of the statute simply instructs that within five years of the order pursuant to section 5-2-314 or section 5-2-315 granting conditional release, the court may modify a condition of the release or order commitment if the court determines that the conditionally released person has violated a condition of release or if it is for the safety of that person, the safety of another person, or the safety of another person's property. *See* Ark. Code Ann. § 5-2-316(b). Had the legislature intended for the five years to run only form the initial order of conditional release it could have easily said so by including such language in the statute.

The basic question presented is what this statute means by "*the order* pursuant to § 5-2-314 or § 5-2-315 granting conditional release." *Id*. (emphasis added). Owens urges that "the order" references the *initial* order granting conditional release. However, as already noted, the initial order and several subsequent orders in this case were revoked. The initial conditional-release order was filed on August 6, 1993, and an order revoking that conditional release was entered on January 17, 1996, within the five years permitted by the statute.

To revoke is "to annul by recalling or taking back." *Webster's Third New International Dictionary* 1944 (3d ed. 2002). A

recognized synonym for the term revoke is "cancel." *Id. See also Wells v. Hayes,* 235 Ark. 891, 362 S.W.2d 700 (1962) (wherein this court equated the word cancel to revoke). If an initial order of conditional release is revoked, it is cancelled and is no longer in effect. Thus, it can only be reasoned that a new order pursuant to section 5-2-314 or section 5-2-315 must be then sought and that an individual would have to be granted a new order to again be conditionally released. Accordingly, "the order" described in section 5-2-316(b) could only be referring to the order of conditional release currently in effect, and the circuit court would have the same options to modify that order or to commit conditionally released person if it is within five years. *See* Ark. Code Ann. § 5-2-316(b).

A review of the record reveals that the most recent order granting conditional release to Owens was entered on December 6, 2000. However, that order was revoked on January 31, 2005, within the five years allowed by the statute. Therefore, the circuit court had proper jurisdiction over the case in September of 2006 when the Arkansas State Hospital petitioned it yet again for Owens's conditional release. Moreover, the circuit court had proper jurisdiction to enter its order of September 22, 2006, releasing Owens into the custody of Mid South Health System/Jonesboro Transitional Unit.

■ To hold that Ark. Code Ann. § 5-2-316(b) limits a circuit court's jurisdiction to five years after the initial order of conditional release could yield potentially devastating results in these types of cases. For example, it would potentially allow for the release of an individual who still poses a danger to himself or others, and even for the release of an individual who has been recommitted since the first order of conditional release so long as the five years had run. We will not interpret a statute to yield an absurd result that defies common sense. *See Harwell-Williams v. Arkansas Dep't of Human Servs.,* 368 Ark. 183, 243 S.W.3d 898 (2006). Accordingly we hold that the circuit court erred in its order dismissing the case for lack of jurisdiction, and we reverse and remand.

Reversed and remanded.