SLIP OPINION

Cite as 2015 Ark. 183

# SUPREME COURT OF ARKANSAS

No. CR–14–798

| | | |
|---|---|---|
| ROBERT G. LEEKA | | **Opinion Delivered** April 30, 2015 |
| | APPELLANT | |
| V. | | APPEAL FROM THE WASHINGTON COUNTY CIRCUIT COURT [NO. CR 2014-493-1] |
| STATE OF ARKANSAS | | HONORABLE WILLIAM A. STOREY, JUDGE |
| | APPELLEE | |
| | | <u>REVERSED AND REMANDED</u>. |

**COURTNEY HUDSON GOODSON, Associate Justice**

The Washington County Circuit Court found appellant Robert Leeka guilty of the offense of driving while intoxicated (DWI) and sentenced him to one day in jail. For reversal, Leeka claims that the circuit court erred in ruling that the Omnibus DWI Act of 1983 does not require proof of a culpable mens rea. We agree, and reverse and remand.

The Springdale District Court initially heard Leeka's case and found him guilty of DWI. Leeka appealed to the Washington County Circuit Court. Before the circuit court, Leeka and the State filed stipulated facts with the court, in which the parties agreed to the facts contained in the Springdale Police Department Arrest Report, the results of Leeka's breathalyzer test, a toxicology report from the Arkansas State Crime Laboratory, and an opinion letter from Dr. Joyce Simon.

The arrest report recounts the events leading to Leeka's arrest as follows. On August 5, 2013, Springdale police officer Thomas Gregory responded to a call regarding a possible

intoxicated driver. Gregory observed Leeka's vehicle driving recklessly, swerving, and running a red light. After initiating a traffic stop of Leeka, Gregory approached Leeka's window. The report notes that "the driver looked extremely confused and very lethargic." Gregory inquired if Leeka had been drinking or taking any prescription drugs, and Leeka replied that he had taken an allergy medication and a prescription pain medication. Gregory then asked Leeka to step out of the vehicle, and while attempting to exit the vehicle, Leeka lost his balance and fell against the car. Gregory reported that Leeka was very unsteady on his feet and continued to lose his balance. Ultimately, Gregory placed Leeka under arrest for DWI. Once at the police station, Leeka agreed to submit to breath and blood tests for intoxicating substances.

In addition to the police report, the parties also stipulated to the results of Leeka's breathalyzer test, which reported a 0.00 alcohol level, and the toxicology report from his blood analysis, which showed only the presence of the drug zolpidem, a sleep medication more commonly known by its brand name, Ambien. The toxicology report showed no other intoxicants.

The parties also stipulated to a medical-opinion letter issued by Dr. Simon, in which she stated her opinion that Leeka "experienced a complex sleep behavior . . . namely sleep-driving, which is a known adverse reaction to Ambien." The stipulated facts also stated, "It is the Plaintiff's State of Arkansas/City of Springdale, position that a violation of ACA 5-65-103 Driving while Intoxicated is a strict liability crime, where it is the Defendant's, Robert Grant Leeka, that a mental state is required."

On the day following the filing of the stipulated facts, the circuit court issued a letter

opinion in which it found that no culpable mental state was required for the DWI offense and ruled that the stipulated facts provided sufficient evidence to demonstrate that Leeka had violated the DWI act. Thereafter, the court held a sentencing hearing, at which it sentenced Leeka to one day in jail, a $300 fine, and court costs. Leeka filed the instant appeal.

On appeal, Leeka presents only one argument: whether the circuit court erred as a matter of law in concluding that the State was not required to prove a culpable mental state under the DWI statute. Leeka admits that the DWI statute, codified at Arkansas Code Annotated section 5-65-103 (Supp. 2013)[1] does not contain an express requirement of a culpable mental state, but Leeka argues that a culpable mental state must be imputed to the offense through Arkansas Code Annotated section 5-2-203 (Repl. 2013). Section 5-2-203 provides that if a "statute defining an offense does not prescribe a culpable mental state, a culpable mental state is nonetheless required and is established only if a person acts purposely, knowingly, or recklessly." Ark. Code Ann. § 5-2-203(b). There are two statutory exceptions to this general rule. First, no mental state is required where "the offense is a violation unless a culpable mental state is expressly included in the definition of the offense." Ark. Code Ann. § 5-2-204(c)(1) (Repl. 2013). Second, no mental state is required where "an offense defined by a statute not a part of the Arkansas Criminal Code clearly indicates a legislative intent to dispense with any culpable mental state requirement for the offense or for any element of the offense." Ark. Code Ann. § 5-2-204(c)(2).

_____

[1]Section 5-65-103 provides in relevant part, "It is unlawful and punishable as provided in this chapter for any person who is intoxicated to operate or be in actual physical control of a motor vehicle." Ark. Code Ann. § 5-65-103(a).

SLIP OPINION

Leeka argues that section 5-2-203 applies to the DWI offense because the statute defining the offense does not prescribe a culpable mental state, and the offense is not subject to either of the exceptions enumerated in section 5-2-204(c). The State first responds by arguing that Leeka's arguments are not preserved because he failed to file a motion to dismiss based on lack of proof of an element of the offense. On the merits of the argument, the State suggests that the circuit court did not err in its interpretation of the law because the exception found in section 5-2-204(c)(2) applies. Specifically, the State argues that the legislature intended for the DWI statute to be independent from the general criminal code and that the legislature indicated its intent to dispense with any culpability requirement by noting in its emergency clause that "the act of driving a motor vehicle under the influence of intoxicating alcoholic beverages or drugs constitutes a serious and immediate threat to the safety of all citizens of this State." Act of Mar. 21, 1983, No. 549, § 19, 1983 Ark. Acts. 1153, 1166–67.

The first question for this court is whether Leeka's challenge is preserved for our review. The State argues that Leeka's issue is not properly before us because Leeka did not file a motion to dismiss based on a lack of proof of an element of the offense, and because Leeka failed to argue a specific element of the offense that he thought the State was required to prove. Leeka replies that he argued to the circuit court that a mental state was required for prosecution under section 5-65-103 and that the circuit court found, as a matter of law, that the DWI statute did not require a culpable mental state.

The only possible justification for requiring Leeka to file a motion to dismiss would be found in Arkansas Rule of Criminal Procedure 33.1, which states,

(b) In a nonjury trial, if a motion for dismissal is to be made, it shall be made at the close of all of the evidence. The motion for dismissal shall state the specific grounds therefor. If the defendant moved for dismissal at the conclusion of the prosecution's evidence, then the motion must be renewed at the close of all of the evidence.

(c) The failure of a defendant to challenge the sufficiency of the evidence at the times and in the manner required in subsections (a) and (b) above will constitute a waiver of any question pertaining to the sufficiency of the evidence to support the verdict or judgment. A motion for directed verdict or for dismissal based on insufficiency of the evidence must specify the respect in which the evidence is deficient. A motion merely stating that the evidence is insufficient does not preserve for appeal issues relating to a specific deficiency such as insufficient proof on the elements of the offense. A renewal at the close of all of the evidence of a previous motion for directed verdict or for dismissal preserves the issue of insufficient evidence for appeal. If for any reason a motion or a renewed motion at the close of all of the evidence for directed verdict or for dismissal is not ruled upon, it is deemed denied for purposes of obtaining appellate review on the question of the sufficiency of the evidence.

Ark. R. Crim. P. 33.1. This court has held that Rule 33.1 is to be strictly construed. *See, e.g.,* *T.C. v. State*, 2010 Ark. 240, 364 S.W.3d 53. Accordingly, in order to preserve a challenge to the sufficiency of the evidence, an appellant must make a specific motion for a directed verdict, both at the close of the State's evidence and at the end of all the evidence, that advises the trial court of the exact element of the crime that the State has failed to prove. *Id.* However, Rule 33.1 requires a motion to dismiss only where the defendant seeks to challenge the sufficiency of the evidence. The rule does not require such a motion where the defendant raises an issue of law or statutory interpretation.

In this case, Leeka does not challenge the sufficiency of the evidence; rather he disputes the circuit court's interpretation of the DWI statute, which is an issue of law. This issue is

preserved for appeal. In the stipulated facts, Leeka raised the issue of whether the State was required to prove a culpable mental state, and the court stated in its opinion letter, "The issue before the court is whether a mental state is required as an element of proof by the State in order to convict Robert Grant Leeka of violating the provisions of the Omnibus DWI Act of 1983." The court then ruled that the DWI Act did not require a culpable mens rea. In short, Leeka raised the issue before the circuit court and received a ruling. No more is required to preserve this issue.

Furthermore, Leeka was not required to file any posttrial motion to preserve the issue. As we have recognized, "Although a party may petition the trial court to reconsider a decision, appeal is the usual procedure." *Harrell v. City of Conway*, 296 Ark. 247, 249, 753 S.W.2d 542, 543 (1988). As we acknowledged in *Harrell*, where the circuit court acts sua sponte and enters an order ruling on a party's issue, that issue is preserved for appeal even if the appellant failed to raise the specific arguments before the trial court. *Id.* at 249, 753 S.W.2d at 543. Here, the parties filed their stipulated facts on May 29, 2014, and the circuit court entered its opinion the following day, without providing Leeka with notice or the opportunity for a hearing on the issue. Under these circumstances, the interpretation of the DWI statute is preserved for our review.

Turning to the merits of Leeka's argument, Leeka maintains that the circuit court erred in interpreting the DWI statute as not requiring a culpable mental state. Leeka argues that because the DWI statute is a criminal statute contained within the Arkansas Criminal Code, section 5-2-203 applies to impute a culpable mental state. Section 5-2-203 provides that if a

"statute defining an offense does not prescribe a culpable mental state, a culpable mental state is nonetheless required and is established only if a person acts purposely, knowingly, or recklessly." Ark. Code Ann. § 5-2-203(b).

The question of the meaning of the DWI act involves an issue of statutory interpretation. We construe criminal statutes strictly, resolving any doubts in favor of the defendant. *Hagar v. State*, 341 Ark. 633, 19 S.W.3d 16 (2000). We also adhere to the basic rule of statutory construction, which is to give effect to the intent of the legislature. *Short v. State*, 349 Ark. 492, 79 S.W.3d 313 (2002). We construe the statute just as it reads, giving the words their ordinary and usually accepted meaning in common language, and if the language of the statute is plain and unambiguous, and conveys a clear and definite meaning, there is no occasion to resort to rules of statutory interpretation. *Id.*

In this case, the plain language of section 5-2-203 is clear, and provides that even if a statute defining an offense does not prescribe a culpable mental state, "a culpable mental state is nonetheless required and is established only if a person acts purposely, knowingly, or recklessly." Ark. Code Ann. § 5-2-203(b). The State argues that the DWI statute falls under the exception to the general rule established in Arkansas Code Annotated section 5-2-204(c)(2) because the legislature intended the DWI act to be independent from the criminal code. Under that exception, no mental state is required where "an offense defined by a statute not a part of the Arkansas Criminal Code clearly indicates a legislative intent to dispense with any culpable mental state requirement for the offense or for any element of the offense." Ark. Code Ann. § 5-2-204(c)(2). However, the DWI statute is contained in Title 5, which is the Arkansas

Criminal Code, and the State offers no support for its position that the DWI act was intended to be independent of the criminal code. In fact, the opposite appears to be true. As the State notes, the DWI statute was previously found in Title 27 dealing with transportation and motor vehicles, but in 1983, the General Assembly passed the DWI Omnibus Act and moved the DWI offense to Title 5. Thus, the legislature specifically chose to incorporate the DWI offense into the criminal code rather than allowing it to remain in Title 27, which would have kept it separate from the criminal code.[2] Accordingly, because the DWI offense is part of the Arkansas Criminal Code, the exception the State relies on is inapplicable. As a result, the circuit court erred in concluding that the DWI statute did not require a culpable mental state, as provided in section 5-2-203.

Reversed and remanded.

HANNAH, C.J., and DANIELSON, J., dissent.

---

[2] The dissent misapplies and misconstrues the emergency clause to the DWI Omnibus Act as supporting its interpretation that the General Assembly intended to exempt the offense of DWI from section 5-2-203. First, an examination of the emergency clause is unnecessary and improper in this case because the language of the statute is clear and unambiguous. *Quinney v. Pittman*, 320 Ark. 177, 895 S.W.2d 538 (1995). Indeed, the dissent does not claim any ambiguity so its analysis errs in considering the emergency clause. Second, we have routinely held that in construing a statute, we will presume that the legislature, in enacting it, possessed "the full knowledge of prior legislation on the same subject." *Corn v. Farmers Ins. Co.*, 2013 Ark. 444, at 8, 430 S.W.3d 655, 660. Accordingly, in this case, we must assume that the legislature was aware of the existence of section 5-2-203 and its application to the entire criminal code when it passed the DWI Omnibus Act and made the offense of driving while intoxicated part of the criminal code. Finally, contrary to the dissent's assertion, the clause contains no language indicating that the General Assembly intended for the DWI offense to be "specifically independent from the general criminal code." Without any indication of such intent and in light of our presumption that the General Assembly is aware of existing legislation in passing subsequent acts, we must assume that it intended for section 5-2-203 to apply to DWI offenses.

SLIP OPINION

**PAUL E. DANIELSON, Justice, dissenting.** Because I cannot agree with the majority's conclusion imputing a culpable mental state to the DWI statute, I must dissent. As the majority correctly notes, the DWI statute was previously part of Title 27 of the Arkansas Code dealing with transportation and motor vehicles. Then, in 1983, the General Assembly enacted the DWI Omnibus Act and moved the DWI statutory provision to Title 5, which is the Criminal Code. Act 549 included an emergency clause, which I find instructive:

> It is hereby found and determined by the Seventy-Fourth General Assembly that the act of driving a motor vehicle while under the influence of intoxicating alcoholic beverages or drugs constitutes a serious and immediate threat to the safety of all citizens of this State, and that increasing the penalty for this dangerous conduct may serve as a deterrent to such behavior.

Act of Mar. 21, 1983, No. 549, § 19, 1983 Ark. Acts 1153, 1166–67.

Why would the General Assembly recognize the serious nature of driving while intoxicated by increasing the punishment for the offense but then engraft a mens-rea requirement into the offense where one had never been included? It is well settled that this court will not interpret a statute to yield a result that defies common sense. *See, e.g.*, *State v. Owens*, 370 Ark. 421, 260 S.W.3d 288 (2007).

In sum, I agree with the State that it is clear that the General Assembly intended the Omnibus DWI Act to be applied to DWI prosecutions and be specifically independent from the general criminal code and Arkansas Code Annotated section 5-2-203. For this reason, I respectfully dissent.

HANNAH, C.J., joins in this dissent.

*Keith, Miller, Butler, Schneider & Pawlik, PLLC*, by: *Andrew R. Miller* and *Mason L. Boling*, for appellant.

*Dustin McDaniel*, Att'y Gen., by: *Laura Kehler Shue*, Ass't Att'y Gen., for appellee.