Paul E. Danielson, Justice, dissenting. ^Because I cannot agree with the majority’s conclusion imputing a culpable mental state to the DWI statute, I must dissent. As the majority correctly notes, the DWI statute was previously part of Title 27 of the Arkansas Code dealing with transportation and motor vehicles. Then, in 1983, the General Assembly enacted the DWI Omnibus Act and moved the DWI statutory provision to Title 5, which is the Criminal Code. Act 549 included an emergency clause, which I find instructive: It is hereby found and determined by the Seventy-Fourth General Assembly that the act of driving a motor vehicle while under the influence of intoxicating alcoholic beverages or drugs constitutes a serious and immediate threat to the safety of all citizens of this State, and that increasing the penalty for this dangerous conduct may serve as a deterrent to such behavior. Act of Mar. 21, 1983, No. 549, § 19, 1983 Ark. Acts 1153,1166-67. Why would the General Assembly recognize the serious nature of driving while intoxicated by increasing the punishment for the offense but then engraft a mens-rea requirement into the offense where one had never been included? It is well settled that this court will not interpret a statute to yield a result that defies common sense. See, e.g., State v. Owens, 370 Ark. 421, 260 S.W.3d 288 (2007). In sum, I agree with the State that it is clear that the General Assembly intended the Omnibus DWI Act to be applied to DWI prosecutions and be specifically independent from the general criminal code and Arkansas Code Annotated section 5-2-203. For this reason, I respectfully dissent. Hannah, C.J., joins in this dissent.