

Cite as 2017 Ark. App. 271

# ARKANSAS COURT OF APPEALS

DIVISION III
No. CR-16-693

|  |  |  |
|---|---|---|
| | | Opinion Delivered MAY 3, 2017 |
| MATTHEW A. TACKETT | | |
| | APPELLANT | APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT, FIRST DIVISION |
| V. | | [NO. 60CR-14-705] |
| STATE OF ARKANSAS | | |
| | APPELLEE | HONORABLE JAMES LEON JOHNSON, JUDGE |
| | | AFFIRMED |

## N. MARK KLAPPENBACH, Judge

Appellant Matthew Tackett appeals his conviction for first-offense driving while intoxicated (DWI) following a bench trial in Pulaski County Circuit Court.[1] Appellant argues that the trial court erred in finding that the State was not required to prove a culpable mental state in order to obtain a conviction for first-offense DWI committed in May 2013, necessitating reversal and remand. Appellant argues that the supreme court decision in *Leeka v. State*, 2015 Ark. 183, 461 S.W.3d 331, interpreted the DWI statute to require the establishment of a culpable mental state (purposely, knowingly, or recklessly). The State counters that the trial court determined that a culpable mental state was not required but nonetheless found appellant to have acted "recklessly" with regard to DWI such that the State proved a culpable mental state, mandating affirming appellant's conviction. We affirm.

---

[1]Tackett was also convicted of refusal to submit to a chemical test, careless and prohibited driving, not wearing a seat belt, parking on the highway, and failing to have proof of insurance. Tackett does not appeal those convictions.

A brief examination of the trial court proceedings and the evidence is in order prior to our analysis of the issue presented on appeal. At approximately 4:30 a.m. on May 12, 2013, an Arkansas State Trooper was on patrol in North Little Rock and came upon appellant's vehicle parked, with the engine running, on the southbound on-ramp of Highway 67. Appellant was behind the wheel, unresponsive and either unconscious or asleep. He was not wearing a seat belt. As appellant regained consciousness and interacted with the trooper, appellant exhibited many signs typical of intoxication: slurred speech, bloodshot and watery eyes, unsteadiness on his feet, and a strong odor of intoxicants about his person. Appellant testified that he had consumed alcohol (vodka) and a pain medication (hydrocodone with acetaminophen) that night but said that he did not remember getting in the car, driving, interacting with the trooper, or being arrested.

Appellant's attorney argued that because appellant claimed that he had no memory of driving, he lacked the required mental state in order to convict him of DWI. Defense counsel pointed to *Leeka v. State*, 2015 Ark. 183, 461 S.W.3d 331, in which the supreme court had interpreted the criminal code to require that for purposes of DWI as defined in 2013, a culpable mental state had to be proved. In *Leeka*, the supreme court held that Ark. Code Ann. § 5-65-103 (the DWI statute) did not contain an express requirement of a culpable mental state, but pursuant to Ark. Code Ann. § 5-2-203(b), a culpable mental state was nonetheless required.[2] Defense counsel argued that the *Leeka* case, which had considered a

---

[2]Arkansas Code Annotated section 5-2-203(b) provides in relevant part that "if the statute defining an offense does not prescribe a culpable mental state, a culpable mental state

2013 DWI conviction, controlled the present case. The State responded by arguing that the DWI statute had recently been amended in 2015 to specifically designate DWI a strict-liability offense. The State added that even if a culpable mental state was required, appellant had acted in a reckless manner in drinking and driving, satisfying that element. Defense counsel replied that, although it might have been reckless to drink and take medication, appellant could not have acted recklessly in operating a vehicle when he had no awareness of driving.

The trial court, with consent of both the State and the defense, delayed a ruling on this issue for a week and permitted each side an opportunity to file a brief. After taking the respective arguments into consideration, the trial court ruled that the State was not required to establish a culpable mental state in this case and found that appellant was guilty of DWI.

At sentencing, the trial judge began by stating that he wanted "to make sure my record is clear" and to explain the basis for finding appellant guilty of DWI. The trial court stated that proof of a culpable mental state was not required in this DWI case, that appellant's case was distinguishable from the facts in *Leeka*, but even so, appellant's actions "by themselves were reckless." Defense counsel replied, "I completely understand, Your Honor." The sentencing order was filed of record, and this timely appeal followed.

Appellant argues on appeal that the trial court erred in rejecting his contention that a culpable mental state was required to be proved to establish that appellant committed DWI in May 2013. Appellant has failed to demonstrate reversible error in the trial court's denial

---

is nonetheless required and is established only if a person acts purposely, knowingly, or recklessly."

of his motion to dismiss the DWI charge.

The Omnibus DWI Act was enacted in 1983, and this Act proclaimed it unlawful in this state for a person who is intoxicated to operate or be in actual physical control of a motor vehicle. *See* Ark. Code Ann. § 5-65-103(a)(1). In 2015, our legislature saw fit to explicitly state its intention to make DWI a strict-liability offense, not requiring proof of a culpable mental state, in response to the April 2015 *Leeka* opinion. The legislature stated in Act 6 that it "intended and still intends to keep driving while intoxicated a strict liability offense." Act 299 accomplished the legislature's intent by adding a new subsection (c) to Ark. Code Ann. § 5-65-103, which states that "[a]n alcohol-related offense under this section is a strict liability offense." The effective date of this legislative amendment was July 22, 2015. Appellant's charges of DWI arose from alleged criminal behavior in 2013.

Appellant questions whether the trial court erred in deciding that, in May 2013, DWI was a strict-liability offense and in failing to apply the *Leeka* holding to his case. We need not answer that question, although we can readily distinguish the facts in this case from those in *Leeka*.[3] The trial court here found in the alternative that appellant did have a culpable mental

---

[3]In *Leeka*, the defendant's toxicology report indicated the presence of the drug zolpidem, a sleep medication more commonly known by its brand name, Ambien. No other intoxicants were found in the toxicology report, and Leeka's breathalyzer test showed a 0.00 alcohol level. The State and defense in *Leeka* stipulated to a medical-opinion letter in which a doctor opined that Leeka "experienced a complex sleep behavior . . . namely sleep-driving, which is a known adverse reaction to Ambien." In contrast, in the present appeal, Tackett admitted to the consumption of alcohol and prescription pain medication, and there was no medical evidence to suggest that Tackett's pain medication caused the same complex sleep behavior that Ambien is believed to cause.

state in this case, namely that he acted recklessly. Given this finding, we need not discuss whether there was error in the trial court's denial of his motion to dismiss.[4] When a party appealing from a ruling leaves an alternate, independent ground unchallenged, the circuit court's ruling must be affirmed. *See Pugh v. State*, 351 Ark. 5, 89 S.W.3d 909 (2002); *Pearrow v. Feagin*, 300 Ark. 274, 778 S.W.2d 941 (1989); *May v. State*, 2016 Ark. App. 605, at 5, 509 S.W.3d 14, 17; *Bovee v. State*, 2011 Ark. App. 158. Nonetheless, we hasten to add that appellant's admitted consumption of alcohol and prescription pain medication that led to his driving his vehicle supported a finding that this constituted reckless behavior.

Affirmed.

WHITEAKER and BROWN, JJ., agree.

*Llewellyn J. Marczuk*, Deputy Public Defender, by: *Clint Miller*, Deputy Public Defender, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Adam Jackson*, Ass't Att'y Gen., for appellee.

---

[4]Appellant argues in his reply brief that our court should reject the alternative basis to affirm because he properly preserved his argument for appellate review. We agree that his appellate argument is preserved for review, but this does not negate the existence of an alternative basis on which to deny dismissal of the DWI charge.